STATE OF IOWA v. J. E. O'MALLEY, Appellant.

Indictment: SETTING ASIDE. Neither failure to return and file exhibits with an indictment, nor of a witness before the grand jury to sign the minutes of his testimony, is ground for setting the indictment aside.

Witnesses: OBJECTION TO COMPETENCY. An objection to the competency of a witness not made at the time he is offered is waived.

Intoxicating liquors: NUISANCE: EVIDENCE. On a prosecution for keeping a liquor nuisance evidence tending to show sales to another than defendant is competent.

Same. Proof of sales by a clerk will support a conviction for keeping a liquor nuisance.

*Appeal from Dallas District Court.*— HON. JAMES D. GAMBLE, Judge.

THURSDAY, OCTOBER 25, 1906.

REHEARING DENIED, FRIDAY, JANUARY 18, 1907.

THE defendant was convicted of keeping a liquor nuisance, and appeals.— *Affirmed.*

*Cardell & Fahey,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

SHERWIN, J.— The defendant moved to set aside the indictment for the reason that certain exhibits which were before the grand jury were not returned with the indictment and filed by the clerk of the court. It is undisputed that the county auditor, Lods, identified the same exhibits on the trial, and that they were introduced in evidence. Code, section 5258, among other things, provides that, " when an indictment is found, all minutes and exhibits relating thereto shall be returned therewith and filed by the clerk of the court, and attached to the indictment." The provision requiring the return and filing of all exhibits was first enacted in 1897 as a part of said section of the Code, and, so far as we are advised, the question now under consideration has not before been considered or determined by us. Prior to its enactment we held in *State v. Mullenhoff,* 74 Iowa, 271, that it was not necessary to set out documentary evidence, or note it, in the minutes of the evidence returned with the indictment. In *State v. Boomer,* 103 Iowa, 106, decided in October, 1897, we followed the rule announced in the Mullenhoff case, saying, it is not necessary to return with the indictment documentary evidence which was before the grand jury. The Boomer case was tried below before section 5258 became a part of the law, although it was decided in this court thereafter; and it is not an authority on the precise question involved in this appeal. The requirement that all exhibits be returned with the indictment and filed by the clerk was manifestly intended to cure the defect in the statute theretofore existing, and to meet the decision in the Mullenhoff case. But, if this be true, it does not necessarily follow that the motion to set aside the indictment should have been sustained. Aside from

1. INDICTMENT:
setting aside.

the question whether the statute is mandatory, or directory only, section 5319 of the Code enumerates the grounds on which an indictment shall be set aside on motion, and we have repeatedly held that an indictment will not be set aside on grounds other than those so enumerated. The failure to file exhibits is not made a ground for setting aside the indictment. True, the statute provides that it shall be set aside when the minutes of the evidence of the witnesses examined by the grand jury are not returned therewith; but we have held that documentary evidence is not the evidence meant thereby. *State v. Hurd,* 101 Iowa, 391.

Further objection is based on the court's refusal to set aside the indictment because the minutes of the testimony of one of the witnesses before the grand jury was not signed by him. What we have already said relative to the statutory grounds for setting aside an indictment applies to this contention for it is not contended that the minutes of his testimony returned and filed are not correct. In addition to this, however, we think the requirement that the minutes be signed by the witness directory only. The case of *State v. Hurd,* 101 Iowa, 391, is analogous to this on the point. There the minutes of the testimony of the witnesses before the grand jury were taken by the clerk of that body, and then taken and copied by a stenographer and typewriter in the office of the county attorney and the copy made by her was returned with the indictment. This was made a ground of the motion to quash the indictment and we held that it was not good, saying: " It is not pretended but that the minutes returned are correct. They were before the grand jury, recognized by it as the minutes of the evidence taken before it and by it returned into court with the indictment. We know of nothing in the letter or spirit of the law to make it necessary for the grand jury to return the minutes of the evidence in the handwriting of the clerk. The important thing is that they shall be the same as those written by him. The irregularity, if it be one, is without

the slightest prejudice." See, also, *State v. Marshall,* 105 Iowa, 38, where a similar question was involved on a motion to set aside the indictment.

Furthermore, objection was not made to the witness but to his testimony only. If incompetent as a witness for

2. WITNESSES: objection to competency.

any reason, objection should be made when he is offered, and if not so made it will be deemed waived. State v. Hurd, *supra.* State v. Marshall, *supra.*

The court permitted a witness to testify that another person had bought liquor for him at the defendant's store, and error is predicated on the admission of the testimony.

3. INTOXICATING LIQUORS: nuisance: evidence.

Such testimony shows that the witness was outside of the building at the time and furnished the money with which the purchase was to be made, and that the other party took the money and went into the store and soon thereafter returned with a bottle of liquor. We are of the opinion that there was no error in receiving the testimony. It tended to show that in toxicating liquor was kept and sold in the defendant's place of business, and, when sales of intoxicating liquor are shown, the presumption obtains that they are unlawful and the burden rests upon the seller to prove to the contrary. *State v. Kriechbaum,* 81 Iowa, 633.

Complaint is made of other rulings on the admission of evidence, but we find nothing further demanding more specific attention.

The court instructed that the defendant would be guilty of keeping a nuisance if it was found that illegal sales had

4. SAME.

been made by his clerk. The instruction is right; the statute, Code, section 2401 so provides, and we have so held. *State v. McConnell,* 90 Iowa, 197.

The instructions as a whole clearly state the law governing the case, and in the twenty-five errors assigned we find no cause for reversing the case. It is therefore *affirmed.*