STATE OF IOWA, Appellee, v. DAVID KIMES, Appellant.

**Criminal law:** LARCENY: EVIDENCE. On a prosecution for larceny, where it appeared that the property was found in defendant's possession several months after it was claimed to have been stolen, and the defendant showed that he acquired possession within a day or two after the alleged larceny, the question of his guilt was for the jury.

**Same:** POSSESSION OF RECENTLY STOLEN PROPERTY. The burden of establishing a defendant's guilt of the crime charged is at every stage of the trial upon the State; and an instruction to the effect that recently stolen property raises a presumption of guilt and justifies a conviction, unless the accused satisfies the jury that

he came rightfully into possession; and, that the possession of recently stolen property is presumptive evidence that defendant stole it unless he came honestly by it, is erroneous, because requiring him not only to negative his guilt but to show that his possession was rightfully and honestly acquired.

**Same:** EVIDENCE: FAILURE TO DEFEND REPLEVIN SUIT. Failure of one accused of larceny to defend an action in replevin of the property by the prosecuting witness can· not be shown; as his failure to defend the action would not be inconsistent with his innocence.

**Same:** REASONABLE DOUBT: INSTRUCTION. It is incumbent upon the State to prove beyond a reasonable doubt every essential or material fact constituting the crime charged, and an instruction authorizing conviction without such proof is erroneous.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, JANUARY 11, 1910.

DEFENDANT was convicted upon an indictment charging him with the larceny of a harness, and appeals.—*Reversed.*

*Tom. H. Milner* and *Thomas Powell,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas W. Lyon,* Assistant Attorney-General, for the State.

WEAVER, J.—I. The evidence upon which the state relies to sustain the conviction is wholly circumstantial, and the principal inculpatory circumstance is the alleged

1. CRIMINAL LAW: larceny: evidence.

fact that the harness which was stolen in December, 1907, was found in appellant's possession in the month of April following. It is urged by his counsel that this possession is so remote in time from the date of the theft that the ordinary rule as to unfavorable inferences arising from the possession of

property recently stolen has no application. Did the record present the bald proposition of a theft in December and the discovery of the property in appellant's hands four months later, and no more, it may be conceded that the inference of guilt to be drawn therefrom would not be of very persuasive character. But such is not the record, for defendant himself concedes and shows that he acquired possession of the property within a day or two after the prosecuting witness claims it was stolen. Such being the case, we think the question as to appellant's guilt of the theft was a question for the jury under proper instruction from the court.

II. Bearing upon this feature of the case, the trial court instructed the jury that, if the stolen property was found in appellant's possession soon after the theft, then he was presumptively guilty, and might be convicted of the larceny, unless he had "satisfied the jury that he came rightfully" into such possession. Stating this rule in another form, the court said that the "possession of recently stolen property is presumptive evidence that the person in whose possession it is found stole it unless it appears from the evidence that he came honestly by it." The thought here expressed was emphasized by its reiteration in several distinct paragraphs of the court's charge, and, upon the giving of the rule thus laid down, the appellant assigns error. We think the exception must be sustained. While there are precedents (and some among our own cases) which lend color of support to the doctrine of these instructions, it has been distinctly repudiated by this and many other courts, and is not in our judgment sustainable upon principle. The law never presumes the guilt of any person charged with crime and never casts upon him the burden of satisfying the jury of his innocence. It authorizes the jury to find the fact of guilt from a given state of circumstances, but it does not command such a finding. The burden of establishing guilt

2. SAME: possession of recently stolen property.

is at every stage of the trial upon the state, and, if after giving proper consideration to all the inculpatory circumstances adduced in support of the prosecution there remains in the minds of the jurors a reasonable doubt of the guilt of the accused, he is entitled to an acquittal, even though they are not satisfied with the truth or the sufficiency of his explanation. The effect of the instructions here under consideration is to require the accused, not only to negative his guilt of the theft charged in the indictment, but to do so by showing that his possession was rightful or honestly acquired. Now, he may have acquired such possession unlawfully or even criminally, and yet have had no guilty connection with the theft for which he is on trial. For example, he may have had no part or lot in the larceny, and yet have received the property knowing it to have been stolen; or he may have stolen it from the thief who committed the larceny of which the prosecuting witness complains. In neither case would his possession be "rightful" nor "honest," yet the unlawful and dishonest character of such possession would not support a verdict of guilty of the particular crime for which he is being tried. This view of the law has been frequently affirmed by us. See *State v. Bartlett,* 128 Iowa, 520; *State v. Brady,* 121 Iowa, 568; *State v. Brundige,* 118 Iowa, 96; *State v. Miner,* 107 Iowa, 656; *State v. Richart,* 57 Iowa, 245.

III. It appeared in evidence that, after the discovery of the harness in appellant's possession, the complaining witness brought suit in replevin therefor against the appellant before a justice of the peace. Over objection as to the materiality and competency of the evidence, the state was permitted to show that notice of the replevin suit was served upon the accused, and that he did not appear or make defense to such action. With reference to this circumstance the court instructed the jury as follows:

3. SAME: evidence: failure to defend replevin suit.

(10) In determining whether the defendant came honestly into the possession of the property by purchase or otherwise, you are authorized to take into consideration any contradictory statements that he may have made, if any, in regard to the person or persons from whom he claimed to have purchased it, or the manner of his coming into possession of it, whether those contradictory statements were made before the trial of the case or upon the witness stand, and if you believe that he has accounted, or attempted to account, for his possession of the property in two or more different manners, you are warranted in considering such contradictions as circumstances indicative of guilt. And the fact, if it be a fact, that when the property was seized by virtue of a writ of replevin as being the property of J. W. McClintock, and not that of the defendant, and the defendant did not appear and resist the claim but permitted the said McClintock to take the property without making legal resistance thereto, you may consider this as a circumstance against his claim that he honestly purchased the property.

We think there is manifest error in the admission of this testimony as well as in the instruction quoted. Assuming that the complaining witness was the rightful owner of the harness, his right to maintain replevin therefor could not be questioned by the appellant, even though his own story of having purchased the property in good faith from a third person was the absolute truth. His failure to defend such action was just as consistent with his entire innocence of the theft as with the opposite conclusion and the objection to the testimony should have been sustained. The case in this respect is clearly governed by *State v. Emerson*, 48 Iowa, 172.

IV. The court also instructed the jury as follows: "(12) Though you may find that the complainant J. W. McClintock's property was stolen as alleged, still, if the

4. SAME: reasonable doubt: instruction.

state has not satisfied you beyond a reasonable doubt that the defendant is the person who stole it, then you should acquit him. But the reasonable doubt hereinbefore explained does not

mean that you should acquit the defendant because one or more material allegations of the indictment have not been established beyond a reasonable doubt, but it means that if, after a full and fair consideration of the entire case, you have a reasonable doubt as to his guilt, then you should acquit him.  But, if after such consideration of the case and including all of the evidence offered and under these instructions you entertain no such reasonable doubt, then you should convict him."

We can conceive of no sound theory of the law on which this instruction can be approved.  In the very nature of things, guilt of crime can not be established beyond a reasonable doubt unless every essential or material fact constituting such offense is established by that measure of proof.  It is the just and time-honored practice of trial courts in submitting a charge of crime to explain and set forth to the jury just what are the material and essential allegations of the indictment, and to instruct that, in order to convict the accused, each and every one of such allegations must be found to have been established by the evidence beyond a reasonable doubt.  Under the rule as given by the trial court, the jury may have had reasonable doubt whether the harness in question had been stolen by any person, or whether its value was in excess of $20 or whether, if stolen, it was the property of the complaining witness, or whether, if stolen, the crime was committed in Linn County, or whether the taking, if proved, was with felonious intent to deprive the owner of his property, and yet, while entertaining such reasonable doubt, it was competent for the jury from its general impressions of the case as a whole to return a verdict of guilty.  We can not affirm the correctness of this proposition without unsettling the whole framework of criminal procedure as it has been administered from time immemorial in the courts of this and of all other countries whose methods of administering justice have been derived with more or less

modification from the common law of England. Citations of authority upon these propositions can hardly be necessary, but see *State v. Stewart,* 52 Iowa, 285; *State v. Hennessy,* 55 Iowa, 301; *State v. Blydenburg,* 135 Iowa, 278; *Adams v. State,* 31 Ohio St. 462; *Jones v. State,* 107 Ala. 93 (18 South. 237); *Holloway v. Commonwealth,* 74 Ky. 344.

Other exceptions to instructions and rulings of the trial court are argued by counsel, but in view of the fact that for the reasons already stated a new trial must be ordered, and the questions thus presented are not likely to arise upon another hearing, we shall not take time to consider them.

The errors to which we have called attention being clearly of a prejudicial character, the judgment of the district court must be reversed and cause remanded for a new trial or such further proceedings as shall be in harmony with the views herein expressed.—*Reversed.*