STATE OF IOWA, Appellee, v. FRED OTTLEY, Appellant.

Criminal law: INDICTMENT: SUFFICIENCY. Neither a failure of the clerk of a grand jury to include in the minutes of the evidence a statement that the witnesses were sworn before testifying; nor failure of the witnesses to sign the minutes of their evidence; nor failure of the clerk of courts to place a filing mark upon the sheets containing the minutes of the evidence, where the indictment to which the evidence is attached is marked filed, are fatal to the indictment.

Same: FAILURE TO FILE EXHIBITS. Failure to file exhibits with the clerk of courts which were used before the grand jury is not ground for setting aside the indictment; nor will such failure render the exhibit inadmissible upon the trial.

Criminal law: FORGERY: EVIDENCE. The testimony of an accomplice, on a prosecution for forgery, as to procuring a third person to sign the name of another to the forged instrument, which was shown to have been in pursuance of a previous arrangement between the witness and the accused, was competent as against the accused.

Same: REASONABLE DOUBT: SUFFICIENCY OF PROOF: INSTRUCTION. The law does not require that every fact essential to conviction of a crime shall be separately considered, or proved beyond a reasonable doubt when considered separately; as the State is not required to divide its case into sections or to separate the essential facts and make each one stand alone; but every material allegation of an indictment is an essential fact and must be proven beyond a reasonable doubt when considered in connection with the whole evidence in the case to warrant conviction; and if upon a consideration of all the evidence in the case there is a reasonable doubt as to any one of such material allegations there can be no conviction.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, MAY 10, 1910.

THIS is a prosecution for forgery. There was a verdict of guilty and judgment thereon. Defendant appeals.—*Reversed.*

*J. C. Leonard,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

EVANS, J.—The defendant was indicted jointly with one Chrisler for forgery. Chrisler pleaded guilty, and became· a witness for ·the state as against his codefendant, Ottley. The alleged forgery consisted of the making of a note for $80 and signing the name of one A. C. Wilcox thereto. The actual signing was done by Chrisler alone. The note was signed for the purpose of securing a loan from one Lawler. To secure the note, Chrisler executed at the same time a chattel mortgage on a buggy belonging to Ottley and a horse belonging to one Heffner, both of which were temporarily in his possession at the time the note and mortgage were made. Chrisler testified that this was all done in pursuance of an arrangement between him and Ottley, whereby Chrisler was to obtain the money for Ottley in this manner. He obtained a check from Lawler from the proceeds of the loan, and turned the check. over to Ottley according to his testimony. Many circumstances were put in evidence by the state tending to corroborate the testimony of Chrisler in this respect. Lawler insisted that the wife of Wilcox should sign the mortgage. Thereupon Chrisler procured one Margaret Morris to impersonate such person, and to join with him in the execution of the chattel mortgage, and to sign the same as Margaret Wilcox, the purported wife of A. C. Wilcox. Chrisler testified that this also was done after a consultation with Ottley on the subject, and in pursuance of

the plan then mutually agreed upon. The case is presented here upon ten errors relied on for reversal.

I. The first five points relied on are so closely related that we will consider them together. It appears from the record that when the indictment was returned, the purported minutes of the evidence heard before the grand jury were attached to the same. The clerk, however, applied his filing mark upon the indictment only. That is to say, he did not place a filing mark upon the particular sheets of paper which contained the minutes of the evidence. It also appears that the minutes of evidence as thus returned contained no affirmative statement that the witnesses were sworn, nor did these minutes purport to be signed by the witnesses. It is contended by the defendant, in effect, that the failure of the clerk of the grand jury to include in the minutes of the evidence a statement that the witnesses were sworn was fatal to the indictment. The same claim is made with reference to the failure of the witnesses to sign the minutes of their evidence, and also with reference to the failure of the clerk to enter a separate filing mark upon the minutes of the evidence as distinguished from the indictment. None of these points are well taken. Section 5254, Code, provides that an "indictment can be found only upon evidence given by witnesses produced, sworn, and examined before the grand jury," etc. Under this section of the statute, it was the duty of the grand jury to put all witnesses examined before it under oath. But there is no provision of the statute which requires the grand jury to make an affirmative showing in the minutes of evidence presented that the witnesses were sworn. The omission to make such affirmative statement in the minutes of the evidence was therefore not available to the defendant as ground for dismissing the prosecution upon motion at the close of the evidence. This is the only manner in

*1. CRIMINAL LAW: indictment: sufficiency.*

which the question was raised. *State. v. Easton,* 113 Iowa, 516; *State v. De Groate,* 122 Iowa, 661. Nor was the fact that witnesses failed to sign their testimony fatal to the indictment. We have heretofore held that the requirement of section 5258 in this regard is directory rather than mandatory. *State v. O'Malley,* 132 Iowa, 696.

As to the point that the clerk failed to place a filing mark upon the sheets containing the minutes of evidence, this is also without merit, as has been frequently held heretofore. The minutes of the evidence were attached to the indictment, and one filing mark was sufficient for the whole. *State v. Doss,* 110 Iowa, 713; *State v. Cross,* 95 Iowa, 629; *State v. Craig,* 78 Iowa, 637; *State v. Briggs,* 68 Iowa, 416.

II. The next complaint is that the alleged forged note was used as an exhibit before the grand jury, and that it was not filed as an exhibit with the clerk. Section 5258 requires that the exhibits be filed with the clerk. Granting that the note in question should have been filed with the clerk as an exhibit, and that it was not so filed, this failure was not a ground for setting aside the indictment. *State v. O'Malley,* 132 Iowa, 696. Nor would such failure render the note inadmissible in evidence. *State v. Mulhern,* 130 Iowa, 46; *State v. Mullenhoff,* 74 Iowa, 271; *State v. Boomer,* 103 Iowa, 106. Indeed, it does not appear from this record whether the note was filed by the clerk or not. Assuming that it was not, no complaint was ever made by the defendant upon that ground until he moved for a directed verdict at the close of the evidence.

2. SAME: failure to file exhibits.

III. Complaint is made because the court permitted Chrisler to testify to the arrangement made by him with Margaret Morris, whereby she was to impersonate Mrs. Wilcox in the transaction. The general ground of objection is that this testimony was incompetent as against the defendant

3. CRIMINAL LAW: forgery: evidence.

because it was evidence of a conversation between others not in his presence.    Chrisler had already testified that this arrangement with Margaret Morris was made in pursuance of a previous conversation between him and the defendant Ottley.    The objection was therefore without any merit.    The evidence was admissible under elementary rules of evidence, and no citation of authorities is needed in support of it.    See, however, *State v. McCahill,* 72 Iowa, 111; *State v. Donavan,* 125 Iowa, 239; *State v. Crofford,* 133 Iowa, 478; *State v. Arthur,* 135 Iowa, 48.

IV.    Defendant complains, also, of instructions five and seven as given by the trial court.    No specific error is pointed out to us in instruction five.    The instruction is preliminary only, and is good as far as it goes.    The most that can be said against it is that it does not fully cover the subject. We see nothing to be gained by entering into a discussion of it.    The court undertook to supplement this instruction with instruction No. 7, and we direct our attention to such instruction, which is as follows: "(7) The reasonable doubt hereinbefore explained does not mean a reasonable doubt that any one point or proposition that it is necessary for the state to establish has not been so established by the evidence; but it means a reasonable doubt of the guilt of the defendant after a careful consideration of the entire case.    Though you may entertain a reasonable doubt of the sufficiency of the state's evidence to establish one or more material allegations of the indictment necessary to be by it established, still you are not warranted in acquitting the defendant if upon a full and careful consideration of the entire case you entertain no reasonable doubt of his guilt."    It must be said that the foregoing instruction is clearly erroneous. It is not necessary that every circumstance shown in evidence by the state shall be proved beyond a reasonable doubt, but it is necessary that every fact which

4. SAME: reasonable doubt: sufficiency of proof: instruction.

is essential to a conviction of the defendant must be so proved. This rule has been frequently announced by this court in cases where the prosecution is based upon circumstantial evidence alone. *State v. Cohen,* 108 Iowa, 208; *State v. Blydenburg,* 135 Iowa, 278; *State v. Clark,* 145 Iowa, 731. This rule does not require that every essential fact shall be separately considered, or that it shall be proved beyond a reasonable doubt as separately considered. Evidence of an essential circumstance standing alone may not be strong, and yet it may derive such support from other circumstances so connected with it and related to it as to remove all reasonable doubt. *State v. Cohen, supra.* All proper evidence is to be considered in the light of the whole case. The state is not required to divide its case into sections or to separate the essential facts, and to make each one stand alone. The rule remains, however, that, when so supported, the jury must find every fact essential to a conviction established beyond a reasonable doubt. Otherwise there can be no conviction. Every "material allegation" of an indictment is an essential fact, and, if upon a consideration of all the evidence in the case there is reasonable doubt as to any one of such material allegations, there can be no conviction. In the portion of the instruction complained of, the distinction here made was manifestly in the mind of the trial court, but it failed of proper expression. The instruction as presented to the jury can not be approved, nor can we say that it was without prejudice. Exactly in point in *State v. Kimes,* 145 Iowa, 346. For this error, there must be a reversal, and a new trial ordered.—*Reversed* and *remanded.*