STATE OF IOWA v. J. A. HARRIS, ALIAS ARTHUR JOHNSON, Appellant.

**Criminal law:** EVIDENCE OF OTHER CRIMES: IDENTITY OF ACCUSED.

1  While as a general rule it is not permissible to show that a defendant has committed other wholly independent crimes from that for which he is being tried, still evidence which tends to identify him as the person who committed the crime charged is competent, although it may incidentally tend to connect him with another and independent crime.

**Same:** EXCLUSION OF REBUTTAL EVIDENCE: PREJUDICE. Where the state has inquired into other distinct crimes for the purpose of identifying the defendant with the crime charged, the defendant should be permitted to introduce such evidence as will tend to rebut the inferences to be drawn for the state's evidence. The exclusion of the evidence of defendant in this case along that line is held to have been prejudicial.

**Same:** SCOPE OF CROSS-EXAMINATION. The testimony of defendant that he had sought employment in a certain city did not justify the court in permitting the state to show by his cross-examination that other like crimes were committed at that place at about the time he sought the employment.

**Same:** EVIDENCE: REASONABLE DOUBT: INSTRUCTION. To justify conviction every essential element of the crime charged must be proven beyond a reasonable doubt, but it is not necessary that such proof consist of independent evidence separate and apart from the other evidence in the case. The instruction in this case is held to so state, though not clearly.

**Burglary:** RECENT POSSESSION OF STOLEN PROPERTY: INSTRUCTION. Where the evidence tended to show that property stolen from the house defendant was accused of burglarizing was in his possession a short time after the burglary, an instruction on the subject of recent possession of stolen property was proper.

**Same:** OTHER LIKE CRIMES: INSTRUCTION. An instruction in this case regarding evidence of other like crimes, the evident intent of which was to tell the jury that the same should not be considered for the purpose of showing that the premises in question were unlawfully entered, but simply to identify defendant as the person entering it, was proper.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

THURSDAY, JANUARY 11, 1912.

THE defendant was convicted of breaking and entering an inhabited dwelling in the nighttime, and appeals.— *Reversed and remanded.*

*Barnes & Chamberlain,* for appellant.

*George Cosson*, Attorney-General, and *Henry E. Sampson*, Special Counsel, for the State.

SHERWIN, J.—I.  The defendant was tried on an indictment charging him with breaking and entering the home of Charles F. Luberger, in the nighttime, while 'armed with a dangerous weapon.  The burglary was committed in the early part of the 22d day of May, and the defendant was identified as the burglar by two witnesses who saw him while he was in the house.  A watch was taken from the Luberger home, and this was afterwards found with property that was taken from the home of Isaac B. Smith during the night of May 19th, and with property that was taken from the home of Father Donnelly on the night of May 23d, and the evidence tended to show that all of said property had recently been in the possession of the defendant, and was, in fact, under his control at the time of his arrest for this crime.  The state was permitted to show that some of the articles so found were taken from these other homes, and members of the Smith family were permitted to testify that the defendant was the man who entered their home and took the property therefrom, and that he was at that time armed with a dangerous weapon.  This evidence was competent, we think, for the purpose of identifying the defendant as the man who committed the crime charged.  While it is the general rule that it is not competent to prove that the defendant has committed another crime wholly independent of that for which he is being tried, there are exceptions to this rule, and one of the exceptions is that evidence, which tends to identify the defendant as the person who committed the crime with which he is charged, is competent, although it may incidentally tend to prove that he has committed another and independent crime.  *State v.*

1 CRIMINAL LAW: evidence of other crimes: identity of defendant.

*Kepper,* 65 Iowa, 745; *State v. Wackernagel,* 118 Iowa, 12; 12 Cyc. 407, and cases cited in note.

As we have already seen, the watch taken from the Luberger home was found with property that had been taken from the Smith and Donnelly homes. All of this property was located and found in the following way: One George Fisher was a prisoner in jail with the defendant, and the defendant made and gave to Fisher a written diagram of the location of the property, which indicated certain houses where it would be found, and, with the aid of this diagram, the property was located and obtained by the officers. Fisher also testified that the defendant told him that some of the property so hidden was taken by him from the Smith home. The defendant offered the testimony of both Smith and Father Donnelly to show that other property than that found by the officers where the defendant had indicated in his diagram was stolen from their houses at the same time, and that said property was found in the personal possession of another not in any way shown to have been connected with the defendant's operations, and to show, further, that Father Donnelly was able to identify the man in whose possession it was so found. The state had gone into the Smith and Donnelly burglaries for the express purpose, as claimed, of identifying the defendant as the man who was in the Luberger home, and this result was to be accomplished in part by showing that the defendant had had in his possession property which was taken from the Smith and Donnelly houses. The defendant was clearly entitled to rebut the inferences to be drawn from the state's evidence along this line, and it was in our judgment prejudicial to exclude it.

It may be true that the evidence other than this was sufficient to warrant and sustain a conviction. But the defendant was entitled to a fair and impartial trial, and

2 SAME: exclusion of rebuttal evidence: prejudice.

to have received all evidence which he had that would tend to show the falsity of the state's claim. Neither the trial court nor this court can say that such evidence was of little consequence, and would not have been given consideration by the jury. It is the jury that is to determine the weight of such evidence, and, when the defendant is denied the right to present his case to the jury, he has not received the fair and impartial trial guaranteed him by the law.

II. The defendant called a witness to prove that he had sought employment with one of the railroads entering Cedar Rapids, and, over the defendant's objections, the

3 SAME: scope of cross-examination.

state was permitted to show on cross-examination that burglaries were committed in the city at about that time. The broad discretion of trial courts in the cross-examination of witnesses can not justify this action of the court. The examination was evidently intended to prejudice the jury against the defendant, and it should not have been allowed. It may not have been actually prejudicial, because the jury then knew of the · burglaries that had been otherwise shown during the trial, but it was an improper examination nevertheless, and should not have been permitted.

III. The court instructed that it was not necessary to find every essential fact proven beyond a reasonable doubt; that, if from a consideration of the entire case,

4 SAME: evidence: reasonable doubt: instruction.

the jury was satisfied beyond a reasonable doubt, it was sufficient. Where the state relies on circumstantial evidence alone to secure a conviction, it is the rule that every essential or material fact constituting the offense must be proven beyond a reasonable doubt. *State v. Kimes,* 145 Iowa, 346. And we know of no different rule in other cases. It is undoubtedly true that it is not necessary to so prove every material fact by independent evidence. Some essential fact, standing alone, may not be found proven beyond a

reasonable doubt, but, when considered in the light of the other evidence, it may derive such support therefrom as to exclude all doubt of its existence, and, if that was what the court intended to say, the instruction would not be erroneous. We are inclined to the view that the instruction was so intended by the court, but it is not clear. *State v. Cohen,* 108 Iowa, 208; *State v. Ottley,* 147 Iowa, 329.

IV. An instruction on the effect of the recent possession of stolen property was proper in this case, for the reason that the evidence tended to show that the watch stolen from the Luberger home was in the possession of the defendant within a short time after the crime was committed. The jury was justified in finding that the defendant had all of the property found by the officers in his possession before his arrest. His own admission to Fisher that he had taken the Smith property which was found with this watch would alone warrant such finding.

5 BURGLARY: recent possession of stolen property: instruction.

V. The court instructed that evidence of other burglaries was admitted, "not for the purpose of showing that the crime under consideration was committed, but it creates and raises a presumption that the same person committed all of them." The evident intent of this instruction was to tell the jury that such evidence could not be considered for the purpose of showing that the Luberger house had been unlawfully entered, but could be considered for the purpose of identifying the defendant as the man who so entered the Luberger house, and, so construed, the instruction was not erroneous. Other errors are complained of, but some of them are of minor importance and others are not likely to be repeated on a retrial of the case, so we need not further notice them. For the errors pointed out, the judgment is reversed and the case remanded.—*Reversed and remanded.*