### HEARD v. UNITED STATES.

### DUNN v. SAME.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1915.)

Nos. 4405, 4406.

1. CRIMINAL LAW ⬤➡789—INSTRUCTIONS—REASONABLE DOUBT.

On a criminal trial, it was error to charge that it was not necessary for the government to prove every material allegation beyond a reasonable doubt, that it must prove them by evidence satisfactory to the jury, but that upon the whole evidence, before the jury could find defendants guilty, they must be satisfied of their guilt beyond a reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1851, 1880, 1904–1922, 1960, 1967; Dec. Dig. ⬤➡789.]

2. CRIMINAL LAW ⬤➡1059—APPEAL—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Where the court charged that the government need not prove every material allegation beyond a reasonable doubt, that it must prove them by evidence satisfactory to the jury, but that upon the whole evidence, before the jury could find defendants guilty, they must be satisfied of their guilt beyond a reasonable doubt, an exception to that part of the charge "which dispenses with the proof beyond a reasonable doubt of every material allegation" was a sufficient exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2671; Dec. Dig. ⬤➡1059.]

3. CRIMINAL LAW ⬤➡1086—APPEAL—RECORD—MATTERS PRESENTED FOR REVIEW.

The record in a criminal case showed in progressive recitals the usual and ordinary course of a trial. Immediately following the charge appeared a colloquy, in which the court inquired about exceptions, and in response counsel for the defense stated that he took an exception to a specified part of the charge. Further along the record recited that "thereupon the jury, after retiring, returned a verdict of guilty." *Held*, that it sufficiently appeared that the exception in question was taken at the trial, and while the jury were still in the box.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2770, 2772, 2794; Dec. Dig. ⬤➡1086.]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Homer Heard and William W. Dunn were convicted of offenses, and they bring error. Reversed and remanded.

---

George W. Murphy, of Little Rock, Ark. (Edward B. Downie, Douglas Heard, E. L. McHaney, Hoeppner & Young, Robert L. Rogers, and John P. Streepey, all of Little Rock, Ark., on the brief), for plaintiffs in error.

W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark. (W. H. Martin, U. S. Atty., of Hot Springs, Ark., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. [1] Heard was convicted of stealing from a railroad car certain packages of money, being interstate shipments by express (Act Feb. 13, 1913, c. 50, 37 Stat. 670 [Comp. St. 1913, §§ 8603, 8604]), Dunn of aiding and abetting him, and both of a conspiracy with the express messenger to commit the thefts (Penal Code [Act March 4, 1909, c. 321] § 37, 35 Stat. 1096 [Comp. St. 1913, § 10201]). At the trial the court pointed out to the jury the material allegations of the indictment and then charged them as follows:

"Now, gentlemen, it is not necessary for the government to prove every one of the material allegations beyond a reasonable doubt. It must prove them by evidence satisfactory to you that they are proven; but upon the whole evidence, before you can find them guilty, you must be satisfied of their guilt beyond a reasonable doubt."

A similar instruction was discussed and held erroneous in Spear and Porter v. United States, decided at this term.

[2] It is urged by the government that a sufficient exception was not taken. The record shows that one of the counsel for defendants said:

"I have no objection to any part of the charge except that, your honor, which dispenses with the proof, beyond a reasonable doubt, of every material allegation. I take an exception to that."

Manifestly the exception is plain and to the point.

[3] It is also contended that it does not appear the exception was taken before the jury retired. The record shows in progressive recitals the usual and ordinary course of a trial. Immediately following the charge of the court appears a colloquy in which the court asked counsel for the government and for defendants whether additional instructions were desired. Upon receiving negative answers, the court then inquired about exceptions to the charge given, and in response the exception in question was taken with others. Further along the record recites that "thereupon the jury, after retiring, returned a verdict of guilty," etc. We think it sufficiently appears that the exception was taken at the trial and while the jury were still in the box. New Orleans & Northeastern R. Co. v. Jopes, 142 U. S. 18, 21, 12 Sup. Ct. 109, 35 L. Ed. 919.

The other assignments do not merit discussion. Because of the error in the charge, the sentences are reversed, and the cause is remanded for a new trial.