STATE OF IOWA, Appellee, v. PAUL HUESER, Appellant.

OCTOBER 18, 1927.

REHEARING DENIED JANUARY 21, 1928.

*Liston McMillan*, for appellant.

*John Fletcher*, Attorney-general, *Neill Garrett* and *Earl F. Wisdom*, Assistant Attorney-generals, and *Blanchard W. Preston*, County Attorney, for appellee.

DE GRAFF, J.—A county attorney's information accused the defendant that he did willfully and unlawfully engage in the practice of medicine, in that he "did publicly profess and represent himself to be a physician and to assume the duties incident to the practice of medicine, and did then and there unlawfully and willfully profess to treat, heal, and cure diseases of the human body, and did then and there unlawfully and willfully prescribe, furnish, and administer medicine for human ailments, and did then and there unlawfully and willfully treat and attempt to heal and cure diseases of the human body," without first having obtained a license or certificate authorizing him "to engage in the practice of medicine."

The Medical Practice Act of this state has had the consideration of this court in divers cases. *State v. Heath*, 125 Iowa 585; *State v. Wilhite*, 132 Iowa 226. Sufficient to state that it has been quite universally held that statutes regulating the practice of medicine and surgery are a proper exercise of police power. *State ex rel. Powell v. State Medical Exam. Board*, 32 Minn. 324; *Mus-*

*ser's Exr. v. Chase*, 29 Ohio St. 577; *Wert v. Clutter*, 37 Ohio St. 347, 348; *Nelson v. Harrington*, 72 Wis. 591; *State v. Carey*, 4 Wash. 424, 429; *State v. Buswell*, 40 Neb. 158; *People v. Phippin*, 70 Mich. 6.

Free trade in physic no longer prevails, although, under the early common-law rule, any person undertaking to treat the sick in the exercise of his vocation was legally a physician; but, as a matter of history, Parliament, in 1422, enacted a statute regulating the practice of medicine and surgery, and confined it to those who had studied the subject in a university, and who were bachelors of science.

In Iowa, a person is deemed to be engaged in the practice of medicine and surgery who (1) publicly professes to be a physician or surgeon, or (2) publicly professes to assume the duties incident to the practice of medicine or surgery, or (3) prescribes and furnishes medicine for human ailments or treats the same by surgery. Section 2538, Code of 1924.

The evidence in the instant case is replete with facts affirmatively showing that the defendant violated the prohibitions of the Medical Practice Act. It is conceded of record that he was not a licensed physician. It may be that the defendant is not in the class of the learned "Doctour of Phisike" in the Canterbury Tales of Chaucer, wherein we read:

"He knew the cause of every maladie,
Were it of cold or hote or moist or drie,
And when engendred and of what humour.
He was a veray parfite practisour."

He had patients, and treated them and prescribed for them. In one instance, he gave a woman a physical examination, to determine the condition of her ovaries, and after the examination, pronounced her ovaries all right. This person submitted to the examination on the belief that the defendant was a doctor. He used a violet-ray machine. He prescribed, for one patient suffering from alleged female trouble, an antiseptic salve containing chemicals, medicine, and pharmaceutical preparations, which salve bore the trade-mark "Franze."

It is quite apparent that the acts of this defendant were within the prohibition of the criminal statute.

We now turn to the appellant's contentions which have to do with legal propositions. Before plea, the defendant filed motions to set aside the order of the trial judge approving the county attorney's information, and to set aside the information. Both motions were based primarily on the ground that "no minutes of any evidence signed by any witness and sworn to by any witness were returned with the information." The trial court overruled the motions, and properly so. Under the statute governing a county attorney's information, the county attorney, at the time of filing such information, shall indorse or cause to be indorsed thereon the names of the witnesses whose evidence he expects to introduce and use on the trial, and shall also file with such information a minute of the evidence of each witness whose name is indorsed upon the information. Section 13647, Code of 1924. The information shall be sworn to by the county attorney. Section 13649, Code of 1924. Thereupon, the information, before being filed, shall be presented to some judge of the district court of the county having jurisdiction of the offense, which judge shall indorse his approval or disapproval thereon. If approved, the information shall be filed. Section 13650, Code of 1924.

It is idle to contend that the foregoing provisions were not respected in the instant case. The statute does not require that the county attorney shall attach copies of "sworn minutes" of the evidence to the information. Even as to indictments the statutory provisions in these particulars are directory. See *State v. O'Malley*, 132 Iowa 696; *State, v. Ottley*, 147 Iowa 329.

It is further contended by appellant that the trial court erred in defining the word "prescribe," in one of the given instructions, which reads:

" 'Prescribe,' as the word is used in the law, means designation of a remedy for an ailment or disease after having, by investigation, observation, or inquiry, ascertained the apparent nature thereof."

We discover no basis for the criticism. According to the lexicographer, "to prescribe," in a medical sense, means "to direct, designate, or order the use of as a remedy; as, the doctor *prescribed* quinine." *Webster's New International Dictionary*. In *State v. Lawson*, 6 Pennewill (Del.) 395 (69 Atl. 1066) the court said:

136

"In medicine, to 'prescribe' remedies is defined to be 'to write or to give medical directions; to indicate remedies.' "

In the case at bar, it is quite apparent that the defendant was catering to the patronage of certain persons who believed they were suffering "from the ills which flesh is heir to," and by his conduct and conversation assured them of his ability to help them, and, in fact, tried to do so. See *State v. Bresee*, 137 Iowa 673.

Lastly, it is urged by appellant that this action cannot be instituted except at the instance of the state department of health. There is no merit in the claim. The defendant was ac-  cused of an indictable offense. It is the function of the grand jury to inquire into all indictable offenses triable within the county and present them to the court by indictment. Section 13702, Code of 1924. Furthermore, the county attorney may, at any time when the grand jury is not actually in session, file in the district court, either in term or in vacation, an information charging a person with an indictable offense. Section 13645, Code of 1924. It is true that the state department of health is enjoined to enforce the provisions of the act in question, but the legislature never intended the power conferred upon the state department of health to be exclusive or to supplant the provisions of the penal code. Here we are concerned only with the provisions of the criminal statute. We are dealing with an alleged criminal act. At most, the legislative intent in conferring a power on the state department of health is to supplement the power of the grand jury or county attorney in such matters, and not to supplant local jurisdiction in the premises.

The propositions relied upon for a reversal are not well predicated. The judgment entered is—*Affirmed.*

EVANS, C. J., and STEVENS, ALBERT, and MORLING, JJ., concur.

WAGNER, J., not participating.