Tommy Lee PEALS *v.* STATE of Arkansas

CR 79-57                                    584 S.W. 2d 1

Opinion delivered July 9, 1979
(Division II)

*Thomas G. Montgomery,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *E. Alvin Schay,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. An information was filed in the Circuit Court of Crittenden County, Arkansas, on September 5, 1978, wherein the appellant was charged with the crime of murder in the first degree. It was alleged that appellant shot and killed William Murray with a pistol on August 3, 1978. Appellant was tried on the 25th and 26th days of September, 1978, and the jury found him guilty of murder in the second degree and assessed punishment at 15 years in the Arkansas Department of Correction. It is from this verdict and sentence the appellant appeals to this Court.

The episode involved herein commenced on August 3, 1978, when the appellant and several other persons were working on an automobile which had stalled in front of a store in close proximity to the home of William Murray, decedent-victim, and his sister, Susan Murray. The Murrays appeared and engaged appellant in an argument which resulted in Susan firing a gun at the appellant and William chasing him with a butcher knife. Shortly thereafter, appellant returned to the scene armed with a pistol and almost immediately the fracas was resumed. The testimony is greatly disputed as to whether Susan Murray opened fire the second time prior to the time appellant fired at her. Regardless of who started the firing, one of the shots from appellant's pistol proved fatal to William Murray. During the latter part of the episode the Murrays were standing on the balcony or stairway at their place of residence and the appellant was on the ground in the vicinity of the street below, near the stalled vehicle.

Appellant raises 6 points for reversal and we will consider them in the order set out in appellant's brief.

## I.

## THE TRIAL COURT ERRED IN UNREASONABLY RESTRICTING DEFENDANT'S IMPEACHMENT OF PROSECUTION WITNESS.

There seemed to be some confusion during the trial as to whether specific acts of conduct were admissible or whether the rule was limited to general character and reputation. This confusion apparently results from the application of Ark. Stat. Ann. § 28-1001, Rules 404 and 608 (Supp. 1977):

Rule 404. Character Evidence Not Admissible To Prove Conduct, Exceptions: Other Crimes.

(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except;

. . .

(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

. . .

Rule 608. Evidence of Character and Conduct of Witness.

(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after

the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

(b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

. . .

After the prosecuting witness had testified on cross-examination that the character of the victim was good, the appellant attempted to question her about specific incidents. The witness denied knowledge of the specific incidents requested and the court curtailed the questioning upon objection by the state. On other occasions the appellant attempted to question the witness about the victim's general reputation and objections by the state were sustained.

It is apparent from the above-quoted rules that evidence of a person's character or trait of his character may be offered by an accused in a homicide case for the purpose of rebutting evidence that the victim was not the aggressor. In this particular situation appellant asked about two specific violent incidents and the witness denied any knowledge of either. Although appellant may impeach his own witnesses, even character witnesses, he cannot make one his witness, after he has cross-examined him, and impeach the witness's adverse testimony by asking about specific instances of conduct except he may inquire about the victim's reputation or traits of character on matters relating solely to violence. Appellant could have presented these incidents by other witnesses.

## II.

## THE COURT ERRED IN UNREASONABLY

RESTRICTING EXAMINATION OF WITNESS AS TO CHARACTER OF VICTIM.

As indicated under Point I, the appellant had the right to ask questions about specific incidents relating to violence. Again, we feel that some confusion existed between Rules 404 and 608. We consider the remarks under Point I to apply equally to this argument.

## III.

THE TRIAL COURT'S UNJUSTIFIED COMMENTS AND ACTIONS THROUGHOUT THE COURSE OF THE TRIAL DENIED THE DEFENDANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL AND CONSTITUTED PREJUDICIAL ERROR.

The court did admonish the appellant's counsel to speed up or shorten the voir dire examination of the jury and on other occasions made a rather curt ruling. Also, several objections by defense counsel were never ruled upon by the court. During this process, at one time, the court refused to allow the appellant to proffer evidence into the record but at a subsequent time stated that proffer could be made later. In any event, no proffer was ever made and it is not clear from the record whether it was understood by appellant's counsel that he would be able to proffer into the record at a later time. We have held that the trial court making reference to counsel's dilatory tactics amounted to prejudicial error. *Chapman* v. *State,* 257 Ark. 415, 516 S.W. 2d 598 (1974). We recognize that the presiding judge should manifest a very impartial and fair course of conduct in the case. This is so because he exercises great influence with the jury. He should refrain from impatient remarks or unnecessary comments which could lead to prejudice by the jury against the defendant. *Western Coal & Mining Co.* v. *Kranc,* 193 Ark. 426, 100 S.W. 2d 676 (1937). It is the duty of this Court to consider the totality of the circumstances when such matters are presented. Although it may have been advisable for the court to have refrained from some statements made in this case, we cannot say from a totality of the circumstances that reversible error was committed. The court did not attempt to ridicule the appellant's counsel nor did he attempt to degrade him in the eyes of the

jury. Again, this matter is not apt to arise on retrial.

## IV.

## THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S REQUESTED INSTRUCTION CONCERNING BURDEN OF PROOF.

This point involves the instructions given by the court to the jury. There is no question raised as to the instruction given regarding murder in the first degree. The court clearly stated that the state must prove every element of the offense of murder in the first degree beyond a reasonable doubt. However, the instructions "beyond a reasonable doubt" relating to each element of murder in the second degree and manslaughter were not given. We have dealt with this question in the case of *Dillard* v. *State*, 260 Ark. 743, 543 S.W. 2d 925 (1976). The same type of objection was raised in *Dillard* as is raised by appellant in this case and we quote from *Dillard:*

> We find reversible error in the trial judge's refusal to give appellant's requested instructions Nos. 6, 7 and 8. Each of these instructions would have advised the jury of the elements of one of the three offenses with which appellant was charged and that it would have to find appellant guilty of each element of that offense, beyond a reasonable doubt, before it could find him guilty of that offense. Appellant objected to the court's failure to give these instructions because the jury had not otherwise been instructed that each of the elements of the offense covered must be proved beyond a reasonable doubt before appellant could be found guilty of that offense.

> The jury was only instructed that "(t)he defendant is presumed to be innocent until proven guilty, and if upon the whole case you have a reasonable doubt of the defendant's guilt, you will acquit him" and "(t)he burden of proof, as you have been instructed, is on the State to make out or establish its case to your satisfaction, beyond a reasonable doubt." Those instructions are correct, as far as they go. Even though the court had defin-

ed the elements of each of the offenses, nothing in the instructions given could possibly be construed as requiring that each element of each such offense must be proven beyond a reasonable doubt. In this respect the proffered instructions were proper even though it is not necessary that the state prove each fact or circumstance beyond a reasonable doubt, but it is required that the state so prove each material element of each crime charged. *State* v. *Green,* 126 Vt. 311, 228 A. 2d 792 (1967); *Spear* v. *U.S.,* 143 CCA 67, 228 F. 485 (8 Cir. ED. Ark., 1915) cert. den. 246 U.S. 667, 38 S. Ct. 335, 62 L. Ed. 929; *State* v. *Ottley,* 147 Iowa 329, 126 N.W. 334 (1910); *State* v. *Kimes,* 145 Iowa 346, 124 N.W. 164 (1910). See also, *Heard* v. *U.S.,* 143 CCA 85, 228 F. 503 (8 Cir. ED. Ark., 1915); *State* v. *Long,* 30 Del. 397, 108 A. 36 (1919). Cf. *Ferrell* v. *State,* 165 Ark. 541, 265 S.W. 62. The failure to give instructions similar to those requested by appellant is reversible error unless the matter is fully covered by other instructions. *McAfee* v. *U.S.,* 105 F. 2d 21 (D.C. Cir. 1939). . . .

In this case the appellant had requested the following instruction:

No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.

This was a proper instruction and should have been given. The model criminal instructions have now been published and should greatly assist in clarifying the confusion which has existed in the past concerning this type of instruction. We do not agree with the state that by giving all the required instructions on first degree murder it would cause the jury to automatically consider the same instruction as applied to each of the lesser included offenses. Therefore, we hold the failure to give an instruction stating the duty is upon the state to prove each element of the offense beyond a reasonable doubt was prejudicial and the case must be reversed.

## V.

## THE TRIAL COURT ERRED IN REJECTING

## DEFENDANT'S OFFERED INSTRUCTION AS TO JUSTIFICATION-CHOICE OF EVILS.

The appellant offered an instruction on justification-choice of evils. We think the matter of justification was treated as an affirmative defense at the trial. However, justification is not an affirmative defense. Ark. Stat. Ann. § 41-110 (Repl. 1977) sets out the burden of proof as it relates to defenses and affirmative defenses as well as presumption. Justification is not listed as an affirmative defense. It becomes a defense when any evidence is offered tending to support its existence and such evidence may be introduced by either side. *Thomas* v. *State*, 266 Ark. 162, 583 S.W. 2d 32 (1979). It appears that appellant would have been entitled to rely upon justification as defined in Ark. Stat. Ann. § 41-506 (Repl. 1977). However, justification as argued under Ark. Stat. Ann. § 41-504 (Repl. 1977), does not appear to be appropriate in a charge of homicide. We have found no case in any jurisdiction which holds that the "choice of evils" justification has been applied to a homicide case when self-defense is argued by the accused.

## VI.

## THE TRIAL COURT ERRED IN REJECTING THE DEFENDANT'S OFFERED INSTRUCTION CONCERNING AFFIRMATIVE DEFENSES.

This point is closely related to the preceding point. We do not view justification as an affirmative defense. Since the court treated justification as an affirmative defense, we believe this error will not occur on retrial. Justification not being an affirmative defense, the state had the burden of negating this defense once it was put in issue. If appellant created the situation necessitating his conduct then he is not entitled to rely upon the defense of justification. Unless appellant was justified in the action he took, which is a matter for the jury to decide, the issue is automatically overcome. The evidence in this case certainly was sufficient to justify the jury reaching the verdict rendered in this case. The instruction given by the court requiring the state to prove its case beyond a reasonable doubt was adequate to take care of the issue of justification. It is true that the appellant was not

required to prove an affirmative defense beyond a reasonable doubt and that such defense is made by a preponderance of the evidence. Mere failure of the appellant to prove an affirmative defense does not relieve him of liability but may reduce the seriousness of the offense.

For the failure to give the instructions requiring the state to prove each element of each offense beyond a reasonable doubt, the case is reversed and remanded for a new trial. The other points argued have been discussed for the purpose of furnishing guidance at the new trial and are not likely to occur again.

Reversed and remanded.

We agree. HARRIS, C.J., FOGLEMAN and HOLT, JJ.

GEORGE ROSE SMITH and BYRD, JJ, concur in the result.