James Ed HART *v.* STATE of Arkansas

CR 88-29                                      756 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered September 12, 1988

*Carrold E. Ray,* and *Hilburn, Calhoon, Harper & Pruniski, Ltd.,* by: *Robert L. Roddey,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. It is undisputed that James Edward Hart shot and killed David Worley in the early morning hours of October 25, 1986, at Hart's combination residence and

grocery store in Brickeys, Arkansas. The question to be resolved by the jury was whether the killing was in self-defense. The jury found it was not, found Hart guilty of first degree murder and sentenced him to 40 years imprisonment. On appeal three arguments are raised—all are meritless.

First, it is argued that Hart's statement should have been suppressed because the *Miranda* warning was defective. This argument is meritless because at trial the objection to the warning was that it had the same defect found in *Mayfield* v. *State*, 293 Ark. 216, 736 S.W.2d 12 (1987), *cert. denied*, 108 S. Ct. 1076 (1988). On appeal it is argued that the warning was inadequate for other reasons. One who changes grounds for an objection on appeal runs afoul of our policy that we will not address issues raised for the first time on appeal. *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988).

The second argument is that Hart's statement should have been suppressed because he did not intelligently waive his rights. Hart and Worley had been drinking. When Hart was taken to the police station, he registered .12 blood alcohol content on the breathalyzer.

At the *Denno* hearing, he readily conceded his signed statement was accurate, and he did not say he was too intoxicated to understand what was going on. The dispute actually centers on a statement Hart made after his written statement was signed. The officer said he asked Hart if the victim and his brother were actually leaving when he shot Worley, and Hart replied yes. This oral statement was also admitted into evidence. The trial judge found the statements were voluntarily made. The officers interrogating Hart said that Hart was not intoxicated to a disabling degree when he was questioned some six hours after the incident, four hours after the intoxometer was administered.

We review the totality of the circumstances in such cases to see if the confession is voluntary and the waiver proper. *McDougald* v. *State*, 295 Ark. 276, 748 S.W.2d 340 (1988). We find no error in this case.

Finally, Hart argues that the trial judge erred when he refused to give the choice of evils instruction codified in Ark. Code Ann. § 5-2-604 (1987). The judge did instruct the jury on self-

defense using AMCI 4105. We held in *Peals* v. *State*, 266 Ark. 410, 584 S.W.2d 1 (1979), that the choice of evils instruction should not be given in a homicide case when self-defense is argued by the defendant. That decision still makes sense, so this argument must fail.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result and agree that we held in *Peals* v. *State*, 266 Ark. 410, 584 S.W.2d 1 (1979), that the justification instruction should not be given in a homicide case where self-defense is argued by the defendant, and the jury is in fact instructed on the issue of self-defense.

Neither *Peals* nor *Koonce* v. *State*, 269 Ark. 96, 598 S.W.2d 741 (1980), holds that justification is never a proper defense in a homicide case. The plain words of the statute are that justification is a proper defense if the conduct is necessary as an emergency measure to avoid imminent public or private injury.