Josephine Linker Hart, Justice, dissenting. |1¶1 disagree with the majority’s decision to bar Mr. Ortega’s argument concerning his entitlement to submit an interrogatory to the jury. Not only was the bar inappropriate in, this case, I believe his argument is well taken. In my view, this case should have been reversed and remanded for a new trial. I therefore respectfully dissent. The majority relies on the bar stated in Kelly v. State, 350 Ark. 238, 85 S.W.3d 893 (2002), “This court has held that it will not consider an argument that presents no citation to authority or convincing argument.” Accordingly, because “or” is disjunctive, to justify summarily disposing of an appellant’s argument, an appellant must neither cite authority nor make a convincing argument. I submit that Mr. Ortega has done both. Our rape statute states in pertinent part: (a) A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person: (1), By forcible compulsion; (2) Who is incapable of consent because he or she is: (A) Physically helpless; Ark. Code Ann. § 5-14-103. In the case before us, the State put forth two inconsistent theories of how Mr. Ortega raped Ms. Jackson: by forcible compulsion and by taking advantage of a victim who was physically helpless. At trial, relying on black-letter law, Mr. Ortega requested interrogatories to make sure that if he was convicted, the jury unanimously found beyond a reasonable doubt that | l2he committed each and every element of the crime. However, the State convinced the circuit court that Terry v. State, 371 Ark. 50, 263 S.W.3d 528 (2007) stands for the proposition that his requested interrogatories should not be given. Citing Terry, Mr. Ortega demonstrates on appeal that Terry is completely silent on the issue of submitting interrogatories to the jury. Accordingly, it is disingenuous to assert that Mr. Ortega has cited no authority. On that basis alone, the bar is inappropriate. Secondly, Mr. Ortega’s argument on appeal, which I find convincing, is that, as in every criminal case, each element of the crime must be proved beyond a reasonable doubt, and without interrogatories, no one could be sure that all twelve jurors agreed on what the' State had proved regarding Mr. Ortega’s conduct. I needed no citation of authority for that proposition that in a criminal trial, the State must prove each element of a charged offense beyond a reasonable doubt. Nonetheless, I direct the majority to Peals v. State, 266 Ark. 410, 584 S.W.2d 1 (1979) (reversing for a new trial because the jury instructions did not state that the State was required to prove “each material element of each crime charged” beyond a reasonable doubt). I would reverse and remand this case to the circuit court. Danielson, J., joins.