JONES *v.* STATE.

Opinion delivered May 28, 1923.

HOMICIDE—ASSAULT WITH INTENT TO KILL—INSTRUCTION.—In a prosecution for assault with intent to kill, it was error to refuse to charge that the State must prove beyond a reasonable doubt that the defendant, at the time he fired the gun, intended to kill the persons alleged to have been assaulted, and that the intent must be proved and not presumed.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; reversed.

*J. E. Ray,* for appellant.

The evidence is insufficient to support the verdict. The court erred in refusing appellant's requested instruction numbered 1, requiring proof of a specific intent to kill, and in giving instruction numbered 6 on the point. 34 Ark. 280; 65 Ark. 410; 49 Ark. 159; 91 Ark. 505; 54

Ark. 286. Also in giving instruction numbered 3. 96 Ark. 55.

*J. S. Utley,* Attorney General, *John L. Carter,* and *Wm. T. Hammock,* Assistants, for appellee.

The evidence is sufficient to support the verdict. The shooting is undisputed, and, had death resulted, it would have been murder in second degree. 55 Ark. 556; 29 Ark. 248; 76 Ark. 515; 103 Ark. 28; 99 Ark. 407; 54 Ark. 188. No specific objection was made to instruction 6 and no error committed in giving it. 110 Ark 117; 115 Ark. 555; 93 Ark. 521; 54 Ark. 287. No error in refusing instruction 2, which is not the law, and number 4 is not applicable to this case.

HART, J. Eugene Jones prosecutes this appeal to reverse a judgment and sentence of conviction against him for assault with the intent to kill, charged to have been committed by shooting Winfield Edwards with a shotgun.

According to the evidence for the State, Winfield Edwards was in a houseboat of Miles Edwards on White River, in the Northern District of Arkansas County, Ark., at the time he was shot, in September, 1922. Eugene Jones came to the houseboat in the night time and asked for Goldie Ridgeway. Miles Edwards told Jones that Goldie Ridgeway was in the houseboat. Jones went away, and came back in about an hour. He asked Edwards to tell Ridgeway to come out of the boat, and Edwards did so. Ridgeway refused to leave the boat. The wife of the defendant was also staying all night in the boat. Jones then said that he was going to shoot the "whole damn bunch" if Ridgeway did not come out of the boat. Ridgeway still refused to leave the boat, and Jones then fired an automatic shotgun into the boat three times. Some of the shot hit Winfield Edwards, but did not hurt him much. Some of the shot also struck the wife of the defendant, but did not hurt her much.

According to the testimony of the defendant, he was drinking at the time, and did not intend to shoot into

the boat or to harm any one in there. He admitted that
he did not have a friendly feeling towards Ridgeway.

The evidence for the State was sufficient to warrant
the jury in finding a verdict of guilty.

The first assignment of error is that the court
erred in refusing to give the following instruction:
"You are instructed that, before you can convict the de-
fendant, Jones, for assault with intent to kill, the State
must prove beyond a reasonable doubt that the defend-
ant, at the time he fired the gun, intended to kill May
Jones and Winfield Edwards, and in determining the
intent you may consider the nature of the weapon and
the manner of using it, together with all the other cir-
cumstances of the case. The intent must be proved and
not presumed."

This assignment of error is well taken. This court
has several times held that when one intending to kill A
shoots B, or if it be doubtful which he shot at, he cannot
be convicted of an assault with an intent to kill B.
*Lacefield* v. *State,* 34 Ark. 275; *Scott* v. *State,* 49 Ark.
156; *Chrisman* v. *State,* 54 Ark. 283; *Chowning.* v. *State,*
91 Ark. 503; *Roberson* v. *State,* 94 Ark. 69, and *Hankins*
v. *State,* 103 Ark. 28.

In the Lacefield case the court said that, while it is
true that every person is presumed to contemplate the
ordinary and natural consequences of his acts, such pre-
sumption does not arise where the act fails of effect, or
is attended by no consequences; and where such act is
charged to have been done with a specific intent, such
intent must be proved, and not presumed from the act.
In all of these cases the court has held that, as the es-
sence of the crime charged was the specific intention to
take the life of a certain person named in the indictment,
it was necessary to prove the intent laid in the indict-
ment, to the satisfaction of the jury.

Tested by the ruling of this court in these cases, the
refusal to give the instruction asked for by the defend-
ant constitutes reversible error. Whether the defend-

ant assaulted Winfield Edwards with the specific intent to take his life, as alleged in the indictment, was a question of fact which it was his right to have determined by the jury, upon the evidence in the cause.

The court did not give any instruction covering this phase of the case. Hence, for the error we have indicated the judgment must be reversed, and the cause remanded for a new trial.