MINTON *v*. STATE.

4127

131 S. W. 2d 948

Opinion delivered October 2, 1939.

*John D. Thweatt, J. J. Screeton* and *Cooper Thweatt,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

SMITH, J. Appellant was found guilty of involuntary manslaughter, and given a sentence of one year in the penitentiary, upon his trial, under an indictment charging him with the crime of murder in the first degree, alleged to have been committed by shooting and killing one W. A. Allen.

The partisanship of the witnesses who testified in the case is very apparent, and the testimony cannot be reconciled. It abundantly sustains the verdict; indeed, appellant insists that under the testimony he should either have been found guilty of murder or should have been acquitted, and he assigns as error the action of the court in submitting to the jury the question whether he was guilty of involuntary manslaughter, the crime for which he was convicted.

We think no error was committed in this respect, notwithstanding the fact that the testimony offered on appellant's behalf was to the effect that he had killed Allen while attempting to arrest him for a misdemeanor committed in his presence; that Allen resisted arrest and assaulted appellant with the blackjack, or policeman's club, which he took from appellant, who fired the fatal shot in his necessary self-defense.

The court gave at appellant's request an instruction, in which the jury were told that if appellant was making a lawful arrest, he might use such force as was necessary to overcome Allen's resistance, but modified it by adding the phrase, "acting without fault or carelessness on his part." An exception was saved to this modification.

The instruction was properly modified, and, as modified, conforms to the law as declared in the case of *Deatherage* v. *State,* 194 Ark. 513, 108 S. W. 2d 904, in which case, as in this, the accused was convicted of the crime of involuntary manslaughter, where the defense interposed was that the accused killed the deceased in attempting to arrest him. It was there said: " 'Although,' as it has been said, 'officers of the law are clothed with sanctity' and 'represent its majesty,' their right in resisting an assault can rise no higher than that

of one in the exercise of the right of self-defense, a right which existed before the promulgation of any law, one inherent to man in the nature of things. Therefore, the same rule applies to officers in resisting an assault and in exercising a lawful act under the circumstances; that is to say, before taking human life, they must at least act with due care and circumspection.''

Here, the testimony raises the issue whether appellant, even though he was attempting to effect a lawful arrest, acted with due caution and circumspection, or, as the modified instruction said, ''without fault or carelessness on his part.''

The testimony on the part of the state was to the effect that appellant was not attempting to arrest Allen; but the testimony offered by appellant is abundantly sufficient to present that issue. This testimony was to the effect that Allen was staggering drunk, as one witness testified, and wild and crazy drunk, according to the testimony of another witness. In this condition, Allen went to the White River Inn, a resort about a mile from DeValls Bluff, which was operated as a restaurant and a dance hall. Beer was sold there. Allen attempted to dance with some girls with whom he was not acquainted, and he cursed them vilely when they refused to dance with him. The proprietor of the place testified that Allen grabbed one of the ladies and attempted to dance with her; that Allen was too drunk to dance, and he attempted to take him off the dance floor, ''when Allen came up with a knife in his hand.'' Appellant, who is the constable of the township, came to the proprietor's assistance, and Allen was placed in a truck and appellant started to DeValls Bluff to place Allen in jail. Allen protested that he would not be arrested. Witnesses Miles and Nicholson testified that appellant told Allen he was under arrest. This testimony was denied by witnesses for the state. Appellant testified that he told Allen that, if he would behave himself, he would be taken to his room at the hotel, and not to jail. Allen had obtained possession of appellant's blackjack, and when

the truck reached the hotel Allen announced that he was in his castle and would not be arrested. Allen attempted to go into the hotel, when appellant grabbed him. According to the testimony on appellant's behalf, Allen began beating appellant with the blackjack, when appellant fired the fatal shot.

Upon this conflicting testimony as to whether appellant was attempting to arrest Allen, the court gave an instruction numbered 27 reading as follows: "An arrest may be made by placing the person of the defendant in restraint. No unnecessary force or violence shall be used in making the arrest. The person making the arrest shall inform the person about to be arrested of the intent to arrest him, the offense charged against him for which he is to be arrested."

To this instruction the following specific objections were made: "That said instruction advised the jury that before the efforts of the defendant to arrest the deceased would have been lawful, it was necessary for the defendant to have informed the deceased of the intent to arrest him, when it would not have been necessary, under the law, to so inform the deceased if the deceased was in the act of committing a crime in the defendant's presence, or if the defendant was met with a demonstration of force at the hands of the deceased at the outset, or if the fact that the defendant was a peace officer was known to the deceased."

We think, under the issues thus joined, it was error to have given instruction No. 27. It is true the second paragraph thereof is practically copied from § 3725, Pope's Digest, which reads as follows: "The person making the arrest shall inform the person about to be arrested of the intention to arrest him, and the offense charged against him for which he is arrested, and, if acting under a warrant of arrest, shall give information thereof, and, if required, show the warrant." But this statute has no application when the offense is committed in the presence of the officer, and the offender knows that the officer has seen him commit the offense. The

statute is designed for the protection of the citizen, who may not be deprived of his liberty and taken into custody without being advised of the reason for that action. If an officer attempts to make an arrest, he must advise the person of his intention to arrest him, and the offense for which he is arrested, and, if acting under a warrant, he shall give information thereof, and, if required, shall show the warrant. But, if an officer saw a person committing a violation of the law, he is authorized by law to make the arrest without a warrant, even though the offense was only a misdemeanor. Section 3720, Pope's Digest.

The law of this subject is correctly stated in the chapter on Arrest in 6 C. J. S., p. 602, as follows: "It is, ordinarily, incumbent on an officer, seeking to make an arrest without a warrant, to inform the accused of his authority or official character, of his intention to arrest him, and of the offense for which he is being arrested, otherwise the person whose arrest is sought is under no duty to submit; although circumstances surrounding the arrest may, in a proper case, dispense with one or more of these requirements. In accordance with this exception to the rule, an officer need not inform a person who is committing an offense in his presence, or who is pursued immediately after the offense, of the cause of his arrest; and, where an officer is met with a demonstration of force at the outset, he need not go through the formality of informing the person of his intention to arrest him or of the cause of his arrest."

We conclude, therefore, that the giving of this instruction No. 27, in view of the specific objections made to it, was erroneous; and we are of the opinion also that this was error which cannot be said to be harmless. The turning point in this case was whether appellant was lawfully attempting to arrest Allen. If so, he was not the aggressor, and he had the right to use such force as was necessary to overcome Allen's resistance, using due caution and circumspection in that respect. But, if he did not have the right to arrest Allen, although an of-

fense had been committed in his presence, unless and until he had told Allen of his intent to arrest him, and the name of the offense for which the arrest was being made, as instruction No. 27 declared the law to be, and which appellant did not do, then appellant was the aggressor, and Allen was under no duty to submit to the arrest.

For the error indicated, the judgment is reversed, and the cause will be remanded for a new trial.