JOHN VAUGHN *v.* STATE OF Arkansas

5675                                               478 S.W. 2d 759

Opinion delivered April 3, 1972

*Wilbur L. Bentley,* for appellant.

*Ray Thornton,* Atty. Gen., by *Milton Lueken,* Asst. Atty. Gen.

LYLE BROWN, Justice. Appellant John Vaughn was convicted of assault with intent to kill and was given the maximum sentence of twenty-one years. Appellant, together with James Ridgeway and Gene Cannon, went to the Arkansas River near Little Rock on the night of June 10, 1970, to gig frogs. Shortly after their arrival James Ridgeway shot Gene Cannon in the head and (according to the jury finding) appellant attacked Cannon with a knife, inflicting severe wounds about the neck. According to the evidence Cannon was left on the river bank to die. The sufficiency of the evidence to sustain the conviction is not attacked and therefore we will not recite extensive details. Eight points are advanced for reversal.

Point I. *The court erred in sustaining the prosecuting attorney's objection to a relevant question propounded to Linda Carey.* The witness testified on cross-examination by counsel for the accused that after the incident on the river bank, Ridgeway kept close to the appellant, going with him everywhere he went. Then appellant's attorney

asked this question: "In other words John [appellant] could not get away from Ridgeway?" The court sustained the prosecutor's objection to the question. There was no error in the ruling. The question clearly called for an opinion on the part of the witness.

Point II. *The court should have sustained objection to the prosecuting attorney harassing State witness Linda Carey.* When the State called the witness she obviously changed her testimony previously given to shift guilt from her brother, appellant, to James Ridgeway. Taken by surprise, the prosecuting attorney tried to glean from the witness that she had been threatened if she told the truth about her brother. Counsel for appellant objected to "unjustified and improper harassment" of the witness. He now complains that the court did not rule on his objection or admonish the jury. Counsel did in fact make an objection but never asked the court to rule on it, nor was there a request that the jury be admonished not to consider the evidence. In fact the prosecuting attorney, when surprised by the testimony of his own witness, has a right to examine her about prior contradictory testimony. *Johnson* v. *Daniels,* 221 Ark. 276, 254 S.W. 2d 946 (1952).

Point III. *The court erred in sustaining the prosecuting attorney's objection to a question propounded by the defense to State witness Betty Kratina.* On direct examination Betty was asked by the State if she had been convicted of a felony, to which she replied in the affirmative. On cross-examination defense counsel asked Betty who she was with when she committed the felony. The court sustained the State's objection. It is proper to cross-examine a witness about his "residence, habits, antecedents, and associations." *Wilson* v. *Thurston Nat'l. Ins. Co.,* 251 Ark 929, 475 S.W. 2d 881. However, this was cross-examination seeking to attack the witness's credibility. When such a question concerning a collateral matter is asked on cross-examination and objection is made it is required that counsel advise the court the purpose of the question and make a proffer as to what the answer would be. The trial judge is entitled to that information in order to control inquiry into collateral matters. *Dixon* v. *State,*

162 Ark. 584, 258 S.W. 401 (1924); *Kingrey* v. *Wilson*, 227 Ark. 690, 301 S.W. 2d 23 (1957). Also, see *Washington National Insurance Co.* v. *Meeks*, 249 Ark. 73, 458 S.W. 2d 135 (1970).

Point IV. *The court erred in refusing to let the defense expose the hostility and bias of the State's witness Betty Kratina.* The witness was a sister of the defendant and was called to testify against him. On cross-examination she was being asked about the number of children in the family, whether she was adopted, and how she felt about the adoption. The court sustained the prosecuting attorney's objection to that line of questioning. Defense counsel stated that he was attempting to show hostility between the witness and the defendant. To which the court replied that he would be permitted to do that but admonished counsel not to go about it in such a round-about manner. Following that colloquy defense counsel did interrogate the witness directly about trouble she had had with her brother. We find no merit in the point.

Point V. *The court erred in failing to sustain appellant's objection to the prosecution displaying to the jury the scars of the prosecuting witness.* The trial court did not abuse its discretion in permitting the exhibiting of the scars. See 2 Wharton Criminal Evidence § 680, p. 632 (12th Edition).

Point VI. *The court erred in curtailing the defense's cross-examination of the principal prosecuting witness.* The prosecuting witness stated several times on both direct and cross-examination that the accused was the person who cut his throat with a knife. As we read the record the court was merely curtailing repetition.

Point VII. *The court commented on the evidence offered by the defense witness, Jo Ann Smith.* This sister of the defendant resided in Ohio and Ridgeway and the defendant visited her in Ohio for some time after the attack on Cannon. The witness was testifying about the demeanor of the two men and the court ruled her testimony to be incompetent. The court ruled correctly that the particular line of questioning was incompetent. Thereupon the witness was excused. We find no error in the court's ruling.

Point VIII. *The court erred in refusing to give defendant's instruction number three.* This instruction interposed the defense of drunkenness to the extent that appellant could not have formed the specific intent to commit the crime. The instruction is not abstracted. The trial court was warranted in refusing it because there appears to be insufficient evidence to submit that defense to the jury. Appellant testified in substantial detail about the entire incident and described his defense that Ridgeway, and not appellant, wielded the knife. He testified that he had been drinking considerably but the closest he came to saying that he was drunk was when he testified he was "feeling pretty good." Another witness, Linda Carey, said appellant was "feeling pretty high." The burden was on the appellant to establish that he was so drunk that he could not have formed the necessary intent and in that respect the evidence falls short. At least we cannot say the trial court committed reversible error.

Affirmed.