360

Willis E. SELF *v.*
John DYE and Linda DYE

74-197                                    516 S.W. 2d 397

Opinion delivered December 9, 1974

*Eugene Coffelt,* for appellant.

*Little, Lawrence & McCollum,* by: *James G. Mixon,* for appellees.

JOHN A. FOGLEMAN, Justice. This appeal involves questions pertaining to the trial of an action to recover for damage to the automobile of John and Linda Dye in a collision with the motor vehicle of Willis E. Self. The collision occurred in the city limits of Rogers at the intersection of U.S. Highway 71 and Oak Street. Although no pleadings are abstracted, it is clear from appellant's statement of the case, adopted by appellees, that both parties alleged that the other driver was negligent and that his negligence was the proximate cause of the damage. Traffic at the intersection was controlled by traffic lights.

Appellant states the following points for reversal:

1. That there was no substantial evidence to support the verdict rendered by the trial court in this action.

2. That the trial court erred in admitting or considering the police report of the officer who investigated this accident.

3. That the trial court abused its discretion in limiting cross-examination of witnesses.

We find no merit in any of these points and affirm the judgment, which was rendered by the circuit judge sitting as a jury.

## I

Appellant argues that the testimony of Linda Dye (the driver of the Dye automobile) shows that she did not even see the vehicle driven by Self on Highway 71 until the two vehicles collided, and that her testimony about the collision was not corroborated, because one witness offered for that purpose was a police officer who remembered nothing significant and the other was not credible. Appellant asserts that, since it is clear that Mrs. Dye was not keeping a proper lookout and was driving with an infant in her lap, she was negligent as a matter of law, and that the damages should have been reduced under the Comparative Negligence Statute (Ark. Stat. Ann. § 27-1764 [Repl. 1962]).

We think appellant mistakes both the scope of our review and the issue before the trial court. The question here is whether there was *any* substantial evidence to support the judgment. The issue before the trial court was whether one, or the other, or both, of the drivers were guilty of negligence which constituted the proximate cause of appellees' damage.

It is not necessary that we consider any testimony other than that of Linda Dye on this point. On this critical issue she testified as follows:

She was driving the Chevrolet automobile owned by her and her husband in a westerly direction on Oak Street, en route to a babysitter's home, where she would leave her three-year-old daughter and then go to her place of employment. At the intersection, she stopped at a stoplight. After she waited almost the full time the light remained red for Oak Street traffic, it turned green, she pulled into the intersection and her car was struck by Self's vehicle, which she had not previously seen. She travelled 10 or 12 feet and had gotten her vehicle into the "inside lane" on Highway 71 before it was struck. Highway 71 is a four-lane highway. When the Self vehicle struck her, it was in the first lane, or the right hand lane on Self's side of the highway. After the collision, Self asked her what had happened, who had run the red light, and who had hit whom. Self said that he was day dreaming and really did not know what had happened.

This testimony was clearly substantial evidence of Self's negligence and was sufficient basis for the trial court's apparent finding that it constituted the sole proximate cause of the collision.

## II

Denny Roles, a Rogers police officer, investigated the collision when it happened. He prepared an accident report which was kept in the files of the Rogers Police Department. Before he was called as a witness by appellees, he reviewed this report at the request of their attorney. He testified that it was his practice to take a statement from each driver involved in a collision. He recorded those statements on his report. It is clear from the record that Roles did not have any independent recollection of the statements of the drivers and his memory was not refreshed by reading his report. He could only be sure of the statement made to him by Self because he had recorded it in his report. Appellant objected to "what he has got in that statement". Roles testified, after the objection was overruled, that Self had stated that he didn't know what had happened.

The importance of this point cannot be overlooked because the trial judge resolved the conflict between the testimony of the two drivers by the officer's report of what the parties stated at the time of the investigation. The report itself was never actually introduced, but a critical portion of its content was read into evidence. We cannot sustain the admission of this evidence on the basis of the class of evidence called "recollection refreshed" on the record before us. Reliance upon a written recital made by the witness when he had a clear recollection of the facts recited is classified as a "past recollection recorded". See McCormick, (2d Ed.) p. 14, § 9; p. 712, § 299; 4 Jones on Evidence (6th Ed.) 251, 266, § 27:1, 27:9.

Evidence is admissible under this classification if the witness had first-hand knowledge of the facts recorded, if the written record is an original made at or near the time of the event recorded and while the witness had a clear and accurate memory of it, but lacks a present recollection of it, and

if the witness can vouch for the accuracy of the written memorandum. McCormick (2d Ed.), p. 712, Chapter 30; 4 Jones on Evidence (6th Ed.) 254, 267, 27:3, 27:9. Many years ago, we applied this rule in *Woodruff* v. *State,* 61 Ark. 157, 32 S.W. 102. It was lucidly stated by Mr. Justice Battle in *Phoenix Insurance Co.* v. *Public Parks Amusement Co.,* 63 Ark. 187, 37 S.W. 959. The proper foundation was laid for the officer's reciting the statement made by Self as recorded on the report made at the time.

## III

During the cross examination of Linda Dye, she was asked if she had examined the Self vehicle and if she knew which part of the vehicle was struck. She responded to both questions in the negative. The court sustained appellees' objection to the further inquiry, "You don't know that his extreme right front ---." We certainly recognize that the cross-examiner should be accorded wide latitude in attempting to elicit facts which would tend to contradict or impeach testimony given on direct examination. We also recognize that undue limitation on examination constitutes an abuse of the trial court's discretion. Still, the cross-examiner may be restricted in posing argumentative questions or addressing a question to a witness that erroneously assumes that a material fact has been proved or that the witness has testified to such facts on direct examination. 58 Am. Jur. 366, Witness § 666; 98 C.J.S. 211, 215, Witnesses, § 411, 413; 98 C.J.S. 36, Witnesses, § 3286 (5); McCormick on Evidence p. 11, § 7; 4 Jones on Evidence 166, § 2521. The right to ask leading questions does not license the examiner to testify, in effect, by making statements of fact. *Woodruff Electric Cooperative Corp.* v. *T. J. Daniel,* 251 Ark. 468, 472 S.W. 2d 919. We find no abuse of discretion on this ruling.

Later, on cross-examination of the police officer the record discloses the following:

By Mr. Coffelt:

Q. He stated that he didn't know what happened?

A. Yes sir.

Q. Is that statement unusual when a man is driving down the highway when the light is green and somebody runs into them?

Mr. Mixon: Object. Offering an opinion.

The Court: Objection sustained. That's the ultimate decision for the court to make.·

Mr. Coffelt: Save our exceptions.

Again we find no abuse of discretion. This question is also argumentative and assumes that appellant's version of the disputed facts as to the color of the traffic light was true. It called for a conclusion or opinion of the witness, or the drawing of an inference by him. Whether an affirmative answer to the question would have cast doubt on the officer's credibility or would have added weight to the statement of Self as recorded by the witness is certainly a matter subject to argument. To say the least, the court's action was well within the latitude of its discretion.

The judgment is affirmed.