## Brady WATSON v. STATE of Arkansas

CR 75-149                                          521 S.W. 2d 205

### Opinion delivered March 31, 1975
[Rehearing denied May 5, 1975.]

*Harold L. Hall.* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., and *Lee A. Munson,* Pros. Atty., by: *John Wesley Hall Jr.,* Dep. Pros. Atty., for appellee.

CARLETON HARRIS, Chief Justice. Brady Watson, appellant herein, along with Jethro Baker, was tried for the crime of robbery, it being alleged that appellant and Baker robbed Walter Strangways in the early morning hours of January 12, 1974, in Pulaski County, Arkansas. The jury found the defendants guilty and fixed appellant's punishment at five years imprisonment. From the judgment so entered, appellant brings this appeal. For reversal, it is asserted that the court erred in permitting the State to ask a witness for appellant the question, "Would you shade the truth a little bit to keep someone you love out of the penitentiary?", and it

is also asserted that the court erred in denying appellant's motion for a new trial.

Vanessa Smith testified that she went to a motel with Watson and was with him during the night of January 11 and early morning hours of January 12; that they had "made love" that night and that she was in love with Watson. The record then reflects the following testimony on cross-examination by the State's attorney.

"Q Miss Smith, would you shade your truth a little bit to keep someone you love out of the penitentiary?

A Would I do what?

Q Would you shade the truth a little bit to keep someone you love out of the penitentiary?

MR. HAYNES:

I will object to that, Your Honor. It's improper.

THE COURT:

Overruled. Proceed. Answer the question.

A Answer the question. Me answer? Yes.

Q You would?

A If I knew anything to say, I would."

The court's ruling constituted error. In *Moore v. State,* 256 Ark. 385, 507 S.W. 2d 711 (1974). Moore was being tried on a charge of assault with intent to kill and was asked, on cross-examination, if he "would lie to stay out of the Arkansas State Penitentiary". Moore, in effect, replied that he would not. On appeal, though finding that no proper objection had been made, we said:

"If a proper objection had been made, it would have called the matter to the court's attention and allowed

the court the opportunity to rule upon it. Therefore, we do not reverse since a proper objection was not made to the question now challenged on appeal."

However, we took occasion to point out that such inquiry was not within the proper scope of cross-examination, stating:

"Even though objection was not made to the question propounded in the case at bar, we take this opportunity to firmly state our view that the inquiry is not deemed within the proper scope of cross-examination. It amounted to a supposition and was argumentative. If this conjectural approach is permissible on cross-examination, then there would be no limit to speculative and argumentative inquiries of witnesses on cross-examination in every case. In view of the absence of an objection and the appellant's anwer to the question, the asserted error was rendered harmless."

While the question in *Moore* was propounded to the defendant himself, this is, of course, a distinction without a difference and it will be noted that the quoted language refers to "witnesses". That opinion, as previously shown, was delivered on April 8, 1974, which was a month before the present case against Watson was tried, and there thus had been ample notice that this line of questioning was improper. Accordingly, under *Moore,* the judgment of conviction must be reversed.

Appellant's second point is now, of course, moot, since the effect of the reversal on Point 1 is to give Watson another trial.

Because of the court's error, set out herein, the judgment is reversed, and the cause remanded to the Pulaski County Circuit Court.

It is so ordered.