James Edward DILLARD *v.* STATE of Arkansas

CR 76-140                     543 S.W. 2d 925

Opinion delivered December 13, 1976
(Division I)

744

*Lee Ward,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant James E. Dillard was found guilty of the crimes of inciting to riot, attempting to escape from custody of an officer while he was under lawful restraint, and assault and battery upon the person of the officer. He asserts multiple grounds for reversal, divided into classes under three stated points for reversal. We find reversible error in certain of the grounds argued under the point relating to refusal of, and failure to give, certain instructions. We will forego discussion of any of these numerous grounds, except for those which constituted reversible error and those which will likely arise on retrial.

We find reversible error in the trial judge's refusal to give appellant's requested instructions Nos. 6, 7 and 8. Each of these instructions would have advised the jury of the elements of one of the three offenses with which appellant was charged and that it would have to find appellant guilty of each element of that offense, beyond a reasonable doubt, before it could find him guilty of that offense. Appellant objected to the court's failure to give these instructions because the jury had not otherwise been instructed that each of the elements of the offense covered must be proved beyond a reasonable doubt before appellant could be found guilty of that offense.

The jury was only instructed that "[t]he defendant is presumed to be innocent until proven guilty, and if upon the whole case you have a reasonable doubt of the defendant's guilt, you will acquit him" and "[t]he burden of proof, as you have been instructed, is on the State to make out or establish its case to your satisfaction, beyond a reasonable doubt." Those instructions are correct, as far as they go. Even though the court had defined the elements of each of the offenses, nothing in the instructions given could possibly be construed as requiring that each element of each such offense must be proven beyond a reasonable doubt. In this respect the proffered instructions were proper even though it is not necessary that the state prove each fact or circumstance beyond a reasonable doubt, but it is required that the state so prove each material element of each crime charged. *State* v. *Green*, 126 Vt. 311, 228 A. 2d 792 (1967); *Spear* v. *U.S.*, 142 CCA 67, 228 F. 485 (8 Cir. ED. Ark., 1915), cert. den. 246 U.S. 667, 38 S. Ct. 335, 62 L. Ed. 929; *State* v. *Ottley*, 147 Iowa 329, 126 N.W. 334 (1910); *State* v. *Kimes*, 145 Iowa 346, 124 N.W. 164 (1910). See also, *Heard* v. *U.S.*, 142 CCA 85, 228 F. 503 (8 Cir. ED. Ark., 1915); *State* v. *Long*, 30 Del. 397, 108 A. 36 (1919). Cf. *Ferrell* v. *State*, 165 Ark. 541, 265 S.W. 62. The failure to give instructions similar to those requested by appellant is reversible error unless the matter is fully covered by other instructions. *McAfee* v. *U.S.*, 105 F. 2d 21 (D.C. Cir. 1939). Instructions going no further than those given here have been held deficient when an objection is based upon the failure of the court to instruct the jury that it must find the appellant guilty of each element of the offense charged beyond a reasonable doubt or that the state bears the burden of proving each element of the offense beyond a reasonable

doubt. See *Heard v. U.S.*, supra; *Spear v. U.S.*, supra; *State v. Ottley*, supra; *State v. Kimes*, supra. The Court of Appeals of the District of Columbia spoke lucidly upon the matter in *McAfee*. Speaking through Justice Stephens, it said:

> *** The purpose of such an instruction is to impress upon the mind of the triers of fact the proposition that guilt depends upon demonstration beyond a reasonable doubt of the existence of each of the several elements which, as a matter of law, constitute the crime charged, rather than upon some vague general notion that the defendant did some sort of wrongful act. Such an instruction is to be contrasted with those which tell a jury that they may not convict if they have a reasonable doubt "upon the whole evidence" or that they may convict if "upon the whole evidence" they are convinced beyond a reasonable doubt of guilt. The charge actually given to the jury in the instant case belongs to the latter type of instructions. ***

Apparently, we have not reversed any judgment on account of failure of the trial court to give such an instruction but we have tacitly recognized the necessity for so instructing the jury. In *Humphrey v. State*, 168 Ark. 163, 269 S.W. 988, we held that the court correctly charged the jury that:

> If any fact in the case or any element necessary to constitute the crime has been established to your satisfaction beyond a reasonable doubt by either direct or circumstantial evidence, or by both kinds, then such fact or element has been sufficiently proved, and if the jury believe beyond a reasonable doubt from either or both direct and circumstantial evidence that the defendant is guilty, it is your duty to so find.

In *Jones v. State*, 159 Ark. 215, 251 S.W. 690, we held that it was reversible error to refuse a request to charge a jury that the intent to kill must be proven beyond a reasonable doubt when the charge is assault with intent to kill.

Since no instruction given, or any combination of them, adequately stated the state's burden or the findings requisite to a conviction, the judgment must be reversed.

Appellant complains of the court's failure to give other instructions. By his requested instruction No. 1, he sought to have the jury instructed that, if he did not know or have reasonable grounds to believe that Galen Hutcheson (who arrested appellant) was, at the time of apprehending appellant, a duly authorized law officer, appellant violated no law in using whatever force was necessary to break away from him and run into the nearby woods. The instruction requested was certainly not in keeping with the spirit of our Per Curiam order entered April 19, 1965, adopting Arkansas Model Jury Instructions, in that it is not wholly impartial and free from argument. Certainly, it would be desirable to eliminate references to running into the nearby woods. The instruction as to the permissible amount of force probably should have been qualified. Even though one has the right to resist an illegal arrest, the force that may be used is limited to that *reasonably* necessary. *Jett* v. *State,* 151 Ark. 439, 236 S.W. 621. See also, *Baxter* v. *State,* 225 Ark. 239, 281 S.W. 2d 931.[1] The circuit judge refused to give it on the basis that the facts did not justify doing so. We find no error, because of appellant's own testimony. He "presumed" that Hutcheson was an officer at the time Hutcheson got out of an automobile occupied by the Sheriff of Clay County, whom appellant knew, and Deputy Sheriff Stow, whom appellant recognized, and called appellant over to the automobile where the arrest was made. This testimony certainly eliminated any question of fact as to appellant's having reasonable grounds to believe that Hutcheson was an officer of the law.

Appellant also requested an alternative instruction that an officer making an arrest must inform the person about to be arrested of the intention to arrest him and the offense for which he is being arrested. Appellant included in his requested instruction a prefatory statement that he had undertaken to show that, at the time of the arrest, he did not know that Hutcheson was a law officer and that Hutcheson did not tell appellant he was being arrested. Appellant's objection to the court's failure to give this instruction is based solely on

[1]The statement in *Edgin* v. *Talley,* 169 Ark. 662, 276 S.W. 591, that even though the person arrested might have believed that he was being illegally arrested, it was his duty to have submitted to the officers, is much too broad and comprehensive and *Coats* v. *State,* 101 Ark. 51, 141 S.W. 197, cited as authority for the statement, does not support it.

the ground that Hutcheson's official capacity was not made known to appellant. Because of the introductory language and appellant's own testimony, it was not error to refuse the instruction over the objection made by appellant.

Dillard testified that Hutcheson never advised him that he was under arrest. There is contradictory testimony by Hutcheson that he did in fact advise appellant that he was under arrest for inciting a riot. Nevertheless, there was a disputed question of fact on this point. In *Minton v. State,* 198 Ark. 875, 131 S.W. 2d 948, we said:

> The law of this subject is correctly stated in the chapter on Arrest in 6 CJS, p. 602 [now 6A CJS § 48], as follows:
>
>> "It is, ordinarily, incumbent on an officer, seeking to make an arrest without a warrant, to inform the accused of his authority or official character, of his intention to arrest him, and of the offense for which he is being arrested, otherwise the person whose arrest is sought is under no duty to submit; although circumstances surrounding the arrest may, in a proper case, dispense with one or more of these requirements. In accordance with this exception to the rule, an officer need not inform a person who is committing an offense in his presence, or who is pursued immediately after the offense, of the cause of his arrest; and, where an officer is met with a demonstration of force at the outset, he need not go through the formality of informing the person of his intention to arrest him or of the cause of his arrest."

It is true that the statute, Ark. Stat. Ann. § 43-416 (Repl. 1964), does not apply when the offense is committed in the presence of the officer. *Minton v. State,* supra; *Bookout v. Hanshaw,* 235 Ark. 924, 363 S.W. 2d 125. But, in this case the principal issue was whether the appellant had committed any offense. In such a case, a proper instruction would qualify the recitation of the statute by stating when it is, and when it is not, applicable. We do not agree with the trial court's holding that merely instructing the jury that it must find that appellant was lawfully taken into custody covered the re-

quests made by appellant, because neither a lawful arrest nor lawful custody was defined for the jury.

We might well agree with appellant that the attitude, demeanor and acts of the officers, both before and after his being arrested, may be relevant to the issues on the charge of attempting to escape while in lawful custody or to the weight to be accorded the testimony of the officers. This would not justify, however, his requested instruction advising the jury relative to his right to the assistance of counsel and his privilege against self-incrimination. No custodial statement was offered in evidence and no contention is made that appellant was not properly advised of his constitutional rights prior to any custodial interrogation.

We find no reversible error in the circuit judge's refusal of a request that he instruct the jury that Arkansas law requires that one arrested without a warrant be forthwith taken before a magistrate for the fixing of bail or discharge and that admission to bail is an order from a competent court or magistrate that defendant be discharged from custody on bail. The instruction offered begins with a recitation of proof the appellant "has undertaken to develop" and is argumentative in form. It was also abstract. The provisions of Ark. Stat. Ann. §§ 43-601 — 43-603 (Repl. 1964) have always been held directory, not mandatory. Appellant was not seeking freedom from pretrial incarceration, having been admitted to bail. He went to trial on a plea of not guilty, without raising any questions about pretrial procedures. We note that appellant's objection to the denial of this request is that the time passing between his arrest and the formal filing of the charges against him was pertinent to the jury's consideration of the weight to be given to the testimony of the officers. Even if this is so, under the factual situation of this case, the instruction would not have so advised the jury, therefore, was not required.

There would have been no error in the giving of an instruction requested by appellant emphasizing the fact that the three charges upon which appellant was tried were separate and that, on each charge the state had the burden of proving defendant's guilt beyond a reasonable doubt and that it might find him to be not guilty on any charge and guilty on

others if it found that one or more offenses were not so proved and one or more were proved as required by law. Even though it seems to us that the instructions given covered the matter, the giving of this instruction, or one similar to it, in a case where multiple charges are tried jointly, is advisable.

Appellant requested an instruction that it is incumbent upon a law enforcement officer dressed in plain clothes without any official badge or insignia worn in plain sight to inform the person arrested that he is an officer of the law and to show his credentials and that any plain clothes officer failing to take these precautions acts at his own peril. This instruction might well have been proper if the officer was on trial on criminal charges growing out of the arrest or in a civil action between the officer and the person arrested, but there was no error in refusing it in this case. It must be recalled that at the time of the arrest, appellant "presumed" that Hutcheson was an officer of the law.

So much for requested jury instructions. We now pass to allegations that the circuit court deprived appellant of a fair and impartial trial by undue restriction of his cross-examination and by the words and actions of the trial judge in ruling on admissibility of evidence. At the outset, we will say that we have reviewed all appellant's contentions about the trial court's remarks and find no reversible error.

In considering arguments that appellant's right of cross-examination was unduly restricted it must be kept in mind that the trial judge is vested with some discretion in the limitation of the scope and extent of cross-examination. *Nelson v. State,* 257 Ark. 1, 513 S.W. 2d 496; *Baldwin v. State,* 119 Ark. 518, 178 S.W. 409. See also, *Tullis v. State,* 162 Ark. 116, 257 S.W. 380. Such examination may be restricted to matters that are material and relevant, either to the issues of the case or to the credibility of a witness or the weight to be accorded his testimony. *Baldwin v. State,* supra; *Pleasant v. State,* 15 Ark. 624; *Atkins v. State,* 16 Ark. 568; *Self v. Dye,* 257 Ark. 360, 516 S.W. 2d 397; *Murchison v. State,* 153 Ark. 300, 240 S.W. 402; *Kelley v. State,* 133 Ark. 261, 202 S.W. 49. See also, *Tullis v. State,* supra; *Williams v. State,* 258 Ark. 207, 523 S.W. 2d 377; *Clark v. State,* 246 Ark. 1151, 442 S.W. 2d 225. A witness should not be allowed to state his impressions, con-

clusions, inferences, supposition or understanding unless his answer is equivalent to a statement of the fact asked for. *Darrough* v. *State,* 252 Ark. 198, 478 S.W. 2d 50; *Covey* v. *State,* 232 Ark. 79, 334 S.W. 2d 648; *Self* v. *Dye,* supra. See also, *Vaughn* v. *State,* 252 Ark. 260, 478 S.W. 2d 759; *Clift* v. *State,* 155 Ark. 37, 243 S.W. 955; *Decker* v. *State,* 85 Ark. 64, 107 S.W. 182. Questions on cross-examination should not be conjectural, speculative or argumentative. *Watson* v. *State,* 257 Ark. 876, 521 S.W. 2d 205; *Self* v. *Dye,* supra; *Fort* v. *State,* 52 Ark. 180, 11 S.W. 959, 20 Am. St. Rep. 163.

Appellant's first complaint about undue restriction of cross-examination relates to questions of Hutcheson about appellant's belief or reason to believe that Hutcheson was a police officer after Hutcheson, who had been bearded, attired in blue jeans, a green T-shirt and suede cowboy boots, had attempted to pass himself off as a Missouri visitor at the Blue Grass Festival near Piggott, where the incidents in question occurred. The questions were argumentative and called for the witness to state a conclusion as to appellant's belief. Answers, of course, would necessarily be speculative. See *Darrough* v. *State,* supra. This line of examination was pursued even after the witness stated that, judging from appellant's actions, the defendant did not believe the witness's disguise. Appellant also complains about the sustaining of an objection to the form of a question, but the court immediately granted appellant's attorney permission to rephrase the question. It does not appear that appellant attempted to do so.

After Hutcheson had stated that he didn't know whether people some 15 feet distant from him and appellant could have heard what Hutcheson had said, the court sustained the state's objection to a question whether the witness had a reasonable knowledge of how far away normal people heard. The judge ruled that the witness might testify as to the circumstances. The question tended to be argumentative and called for an opinion not based upon what the witness had observed. See *Fort* v. *State,* supra.

During the testimony of Randy Brookman, also a narcotics investigator for the Arkansas State Police, who accompanied Hutcheson to the Blue Grass Festival, appellant's attorney questioned the witness about his practices with

reference to smoking marijuana, or appearing to do so, while attempting to infiltrate a culture suspected of trafficking in drugs. He then asked if the witness did not occasionally pull a "joint" out of his pocket and offer it to a youngster. After the witness denied having done this, the prosecuting attorney objected and asked that the court instruct the jury that this line of inquiry was limited to purposes of credibility. When appellant's attorney insisted that the testimony was not offered on the question of credibility alone, but for the purpose of showing his method of operation, the court sustained the prosecuting attorney's objection. See *Murchison v. State,* supra. Appellant, however, now argues that his attorney should have been permitted to ask this type of question to point up possible prejudices, improper motives and lack of credibility of the witness. He did not pursue the matter for those purposes in the trial court.

Appellant also complains that he was not permitted to ask Hutcheson how long it was after the episode that resulted in appellant's arrest that the witness was served with a summons as a defendant in a damage suit by appellant. When objection was made, the court held an in camera hearing during which it was stipulated that the information on which appellant was being tried was filed on July 22, 1975, more than five weeks after the arrest. Appellant's counsel said that the purpose of the examination was to show that the filing of criminal charges was motivated by the fact that summons in a civil suit against Hutcheson and other officers had been served upon the witness and others before the information was filed. He stated that he wanted to argue to the jury that it was reasonable to suspect that criminal charges would never have been filed if the civil suit had not first been filed. The record discloses that appellant had been released on bail on these charges before the information was filed by the prosecuting attorney and the circuit judge ruled that, for the purposes of the objection, the officer had probable cause to make an arrest. The objection was sustained as to the examination for the limited reasons stated by appellant's attorney, but the judge ruled that the testimony would be admitted for the purpose of testing the credibility of the witness or determining the weight to be given his testimony, with an admonition to the jury that it was permitted for no other purpose. The judge stated that the attorney would be permitted

to repeat the question for these purposes only. The jury was instructed to disregard any reference to a pending civil suit and the question was not repeated.

When Sheriff Cloyce Pierce was being cross-examined, he was asked what undercover men normally did when they had been recognized. An objection was sustained insofar as normal procedure was concerned. See *Murchison* v. *State,* supra. Appellant now argues that he had every reason to believe that the undercover agents in this case violated instructions to withdraw after they had been recognized as narcotics officers. No foundation had ever been laid for this, because it had not been shown that this officer was familiar with normal procedures under these circumstances.

Deputy Sheriff Stow, after testifying that neither he nor Sheriff Pierce had ever seen Hutcheson before he climbed into the back seat of the sheriff's car, was asked if it would not be customary for an experienced law officer to demand identification from some plain clothes man claiming to be an officer. The trial judge interrupted the answer to state that, "We are not concerned here with what is customary." See *Murchison* v. *State,* supra. Appellant's objection to the ruling was that whether this officer followed normal procedure was pertinent for the jury's consideration in weighing the testimony of the witness.

During the cross-examination of Deputy Sheriff Stow, the witness started to state his personal feelings about a knife being carried by appellant when the prosecuting attorney's objection was sustained on the basis that the attempted answer was an assumption. The judge stated that the witness might testify to facts observed, but that conclusions to be drawn from them were for the jury.

We find no abuse of discretion in the trial judge's rulings on cross-examination of the state's witnesses by his attorney. We will not reverse the trial court on such rulings unless there is a clear abuse of discretion. *Bartley* v. *State,* 210 Ark. 1061, 199 S.W. 2d 965; *Clift* v. *State,* supra.

Appellant also argues that there were four instances in which the trial court erred to his prejudice by rulings which

deprived him of pertinent and relevant evidence which was favorable to him. In one instance appellant made no objection to the court's voluntary ruling that a witness for appellant was stating conclusions and opinions and admonishing her to state facts as to appellant's appearance. She had said that when appellant was brought out of a wooded area into which he had fled, he couldn't have walked on his own. See *Nelson* v. *State,* supra. In another instance the judge overruled an objection to the prosecuting attorney's asking a defendant's witness, "You knew the pigs were there, didn't you?" There had been a great deal of testimony in the case in which the officers had been referred to as "pigs." There had been no objections to these references. We find no error.

On the other hand, we think that the trial judge did exclude admissible testimony. There had been testimony by an officer that Dillard had refused to give his name and had made threats and remarks derogatory to the officers when he was being interrogated by the officers in the sheriff's office after having been taken to jail. Dillard had testified that, during a 20 or 25 minute "session" in the sheriff's office, he had been physically abused by the officers and that he didn't answer when he was asked his name. He testified that, before leaving the jail, when he was being taken to the sheriff's office, a city police officer had said to him, "You're Pat Mouton, aren't you?", but that he did not respond. The court sustained an objection to this testimony as hearsay, but we do not agree. The testimony was not offered to show the truth of the remark, but to show that it was made. The error was probably harmless, but, nevertheless the action was erroneous.

The trial judge also excluded certain testimony of Steve Parker, who was arrested for drunkenness after Dillard's arrest and transported to the jail along with Dillard. He would have testified that Hutcheson had tightened the handcuffs on Dillard after Dillard had said they were tight enough; that Dillard's request to telephone either his mother or his attorney was refused; that Dillard was taken downstairs and after about 40 minutes was returned to the jail, gasping and bearing welts and red spots over his whole torso. Appellant contended that the conduct of the officers following Dillard's arrest and during his incarceration was a

proper element for the jury's consideration in determining the weight to be given their testimony. In view of the nature of the charges, Dillard's version of his encounters with Hutcheson, and the obvious efforts of his counsel to show that the officer acted maliciously in the arrest of Dillard, the conduct of the officers after the arrest was the proper subject of inquiry. Parker's testimony tended to corroborate that of appellant and should have been admitted.

For the errors indicated, the judgment is reversed and the cause remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and JONES, JJ.