Cecil FISHER, Sr. *v.* STATE of Arkansas

CR 86-87 720 S.W.2d 900

Supreme Court of Arkansas
Opinion delivered December 15, 1986

*Terry Crabtree*, Public Defender, by: *Michael Yarbrough*, Asst. to Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of Battery in the First Degree, Ark. Stat. Ann. § 41-1601 (Repl. 1977), and Felon in Possession of a Firearm, Ark. Stat. Ann. § 41-3103 (Repl. 1977). He was sentenced as an habitual offender to thirty and twelve years, respectively, the terms to run consecutively. During the trial the court overruled his motion for a severance of the two charges. His motion for a new trial was also denied.

Three arguments are presented on appeal: (1) that the court

erred in refusing to sever the charges; (2) that the court erred in sustaining the state's objection to hearsay testimony; and (3) that the trial judge erroneously overruled appellant's objection to an allegedly improper impeachment by the state. For the reasons stated below, we do not agree with any of appellant's arguments and affirm the convictions.

The facts of the case are not in dispute, except as set out in the discussion below. Therefore, we will not describe the details of the incident that gave rise to the charges.

An amended information charging the appellant as an habitual offender was filed on August 27, 1985. The trial was held on October 7, 1985. After the jury was selected the appellant moved for severance of the offenses. The motion was denied and the trial on both charges continued. Appellant argued that it was prejudicial to try the felon in possession charge along with the battery offense because the state would be allowed to introduce evidence of the defendant's prior convictions in its case-in-chief.

The appellant's argument on the court's failure to grant a severance is based upon A.R.Cr.P. Rule 22.2(b)(ii). This rule states that the court may grant severance during the trial if it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence. However, A.R.Cr.P. Rule 22.1(a) provides:

> Defendant's motion for a severance . . . must be timely made before trial, except that a motion for severance may be made before or at the close of all the evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

The record does not reflect, nor does the appellant recite, any ground for severance not previously known to him. A motion for severance is a matter which rests within the discretion of the trial court. *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983). We hold that the court did not err in denying the motion for severance made after the commencement of the trial. In accord, *Owen* v. *State*, 263 Ark. 493, 565 S.W.2d 607 (1978).

The second argument for reversal is that the court erred in sustaining the state's objection to the appellant's proffer of hearsay concerning what appellant had been told by his parole

officer. The officer allegedly told him that he could not possess a gun while he was on parole. The appellant argues that the officer's silence indicated that it would not be a violation of law to possess a gun after his parole was served.

 The statement by the parole officer to the defendant that he could not possess a firearm while on parole fits within the definition of hearsay under A.R.E. 801(c). The "matter asserted" was that he had been told that he could not possess a firearm while on parole. Obviously, the proffered statement was "other than one made by the declarant . . . offered in evidence to prove the truth of the matter asserted."

 The parole officer's silence on the question of whether the appellant could lawfully possess a firearm *after* the completion of his parole was a "statement" only if it was nonverbal conduct intended as an assertion. See A.R.E. 801(a)(2). Whatever the case may be, the proffered evidence is irrelevant. The fact that the defendant was not aware that it was a criminal offense for a felon to possess a firearm is a mistake of law, and, as such, is not a defense in this case.

 The appellant argues that the statement and ensuing silence were admissible to show his state of mind, which arguably would have been relevant to a defense of mistake of law. A mistake of law is an affirmative defense if the defendant "acted in reasonable reliance upon an official statement of the law contained in . . . an official interpretation of the public servant or agency charged by law with responsibility for the interpretation or administration of the law defining the offense." See Ark. Stat. Ann. § 41-206(3)(c) (Repl. 1977). The proffered testimony might have been relevant to a mistake of law defense had the parole officer made a statement regarding possession of a firearm after the defendant's completion of his parole term. However, the parole officer's silence was not "an official statement of the law contained in . . . an official interpretation of the public servant or agency charged by law with responsibility for the interpretation or administration of the law."

 Further, the proffered evidence was not relevant to disprove the culpable mental state required for conviction of the offense of felon in possession of a firearm. The requisite mens rea is that the defendant "purposely, knowingly, or recklessly", Ark.

Stat. Ann. § 41-204(2) (Repl. 1977), "possess[ed] or own[ed] any firearm." Ark. Stat. Ann. § 41-3103 (Repl. 1977). Whether the defendant believed that it was legal for a felon to possess a firearm after the completion of his parole is irrelevant.

■ The trial court excluded the proffered testimony as hearsay. An appellate court will sustain the judgment of a trial court if the judgment is correct, even if the trial court announced the wrong reason for its ruling. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

■ Appellant's final argument is that the court should have sustained the appellant's objection to the state's impeachment of the appellant with remarks made by appellant's attorney during his opening statement. Defense counsel had told the jury that the appellant had been asked to leave the party where the battery occurred. Appellant testified at the trial that he had not been asked to leave the party. Witness Taylor, the victim of the battery, testified that he had asked appellant to leave the party. There was no testimony indicating that defense counsel's statement in opening argument was unfounded. Opening statements are not evidence. See *Combs* v. *State*, 269 Ark. 469, 606 S.W.2d 61 (1980). The limits of cross-examination are within the trial court's discretion so long as the question is limited to the issues of the case and credibility of the witnesses. *Dillard* v. *State*, 260 Ark. 743, 543 S.W.2d 925 (1976). Absent an abuse of discretion an evidentiary ruling of the trial court will not be disturbed. *Dillard* v. *State*, *supra*. The standard instruction indicating that opening statements of counsel are not considered evidence was given to this jury.

Affirmed.