Ronnie Lee BIRCHETT v. STATE of Arkansas

CR 87-148                                    741 S.W.2d 267

Supreme Court of Arkansas
Opinion delivered December 21, 1987
[Rehearing denied January 25, 1988.]

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of aggravated robbery, theft of property, and aggravated assault. He argues on

appeal that the trial court erred in failing to grant a mistrial and in limiting the appellant's right to cross-examination. He also contends the evidence is insufficient to support the convictions. We find no error, and therefore affirm.

On the evening of August 13, 1984, Thurl Harber and Gary Don Mason were watching television in Harber's business trailer when they were robbed by an armed, masked man. After entering the trailer and announcing his purpose, the robber commenced to pistol-whip both men and to take their personal property, including cash, watches and a masonic ring. Harber was able to free himself and call for help, but, during that time, the robber escaped. After the robbery, Harber's own investigation revealed the name of the appellant. Harber gave his information to the police, which later led to Harber's identifying the appellant, out of five photographs, as the man who had robbed him.

Appellant's first argument arises from Harber's testimony at trial where Harber gave an unresponsive answer that his "buddy," Mason, had also identified the appellant as the robber. Appellant objected to Harber's answer as a hearsay statement of Mason, whom the state did not call as a witness. He moved for a mistrial, which the trial court denied. However, before denying the appellant's motion, the trial judge offered to admonish the jury, but the appellant responded that an admonition would not correct the harm. The appellant argues that Harber's unresponsive answer improperly bolstered the testimony about his identification, which appellant contends was the main issue at trial.

In addressing the question of when an unresponsive answer merits a mistrial, we have said that actual prejudice must have resulted from the remark. *See Munnerlyn v. State*, 293 Ark. 209, 736 S.W.2d 282 (1987). We have also held that, when a witness, in answer to a proper question, gives a nonresponsive answer stating matter that is incompetent and inadmissible as evidence, the trial court, on motion, should strike out the answer or so much of it as is improper, and direct the jury to disregard it as evidence. *Queary v. State*, 259 Ark. 123, 531 S.W.2d 485 (1976).

In the instant case, the appellant not only failed to make a motion to strike, he also refused the trial judge's offer to admonish the jury. The appellant also failed to show that

Harber's unresponsive answer caused sufficient prejudice to merit a mistrial. In fact, the state made no attempt to develop or stress Harber's answer before the jury. We have repeatedly held that a mistrial is such a drastic remedy that it is only appropriate if justice cannot be served by continuation of trial and when it is obvious that any possible prejudice cannot be removed by any other means. *Lasley* v. *State*, 274 Ark. 352, 357, 625 S.W.2d 466, 469 (1981). On the record before us, we cannot say the trial judge abused his discretion in denying appellant's motion.

In his second point for reversal, the appellant contends that his counsel was unduly restricted in his cross-examination of Pamela Goodrich. At the time of the trial, Miss Goodrich, a multiple offender with previous criminal convictions, was serving a ten-year sentence in the Arkansas Department of Correction, Women's Unit, for charges filed after the appellant's arrest. Goodrich contacted the sheriff's office and offered to testify for the state against the appellant, her former boyfriend. The witness testified about her multiple offender status, current sentence, and prior convictions. In addition, she said that she had made no deal with the state for her testimony.

On cross-examination, appellant asked questions of Goodrich concerning her prior sentences for "hot checks," forgery, and theft by receiving, as well as other charges pending against her. Over the state's objection, the trial court, in an apparent attempt to expedite the trial, allowed appellant to show Goodrich a list of insufficient checks with which she had been charged. Appellant continued examining Goodrich on these same prior sentences and charges, including the disposition of those matters. As appellant continued his questioning of Goodrich, the trial court admonished counsel to go to something else; when he failed to do so, the court found him in contempt. Afterwards, appellant's counsel continued his cross-examination and Goodrich testified that she received a ten-year sentence for all the charges pending against her, but reiterated her position that the state had made no deal for her testimony against the appellant. The trial court, again in an attempt to expedite the trial, directed that appellant's counsel should pose no more questions about Goodrich's sentences or conviction—a ruling which appellant claims is reversible error.

In *McCorkle* v. *State*, 270 Ark. 679, 607 S.W.2d 655

(1980), this court stated the general rule that a cross-examiner is given wide latitude and cannot be unduly restricted in eliciting facts which affect a witness' credibility. The court, however, continued by stating it is not an abuse of discretion to interfere with or limit cross-examination of a witness when it appears the matter has been sufficiently developed and clearly presented to the jury. We have also held that the trial court does not abuse its discretion in limiting cross-examination when the questions asked and answers sought are merely repetitive. *Nelson v. State*, 257 Ark. 1, 513 S.W.2d 496 (1974); *Vaugh v. State*, 252 Ark. 260, 478 S.W.2d 759 (1972).

The record reflects that appellant asked and Goodrich answered those questions concerning all of her sentences and prior charges that directly bore on her credibility. Appellant's counsel made the point very clear to the jury that the witness was in a position where she might have helped herself by testifying for the state. Because we believe appellant did sufficiently develop his line of questioning, testing Goodrich's credibility, we are unable to say the trial court abused its discretion by unduly limiting appellant's right of cross-examination. Although we find no reversible error at hand, we believe the guidance to the trial bench given by the court in *Trammel v. State*, 193 Ark. 21, 97 S.W.2d 902 (1936) is worth repeating. When confronted with the issue touching on a trial court's tendency to limit cross-examination in order to expedite a trial, the court in *Trammel* said:

> "The efforts of a trial court to dispatch the business before them is commendable, but the rights of an accused person, or a litigant before the court, to fully and properly present testimony in his own behalf and to cross-examine witnesses testifying adversely is of more importance, and should not be abridged, even for the sake of expedition."

*Id.* at 27, 97 S.W.2d at 906.

Concerning appellant's final argument, he moved for a directed verdict on all counts and specifically urged that the charge on the aggravated assault be dismissed or merged with the robbery charge, because the elements of aggravated assault are contained in the offense of aggravated robbery. The trial judge, finding there were two separate crimes involved, overruled appellant's motion. We agree.

Aggravated robbery and its elements are set forth in Ark. Stat. Ann. § 41-2102 (Supp. 1985), which reads as follows:

(1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 of Act 280 of 1975 (Arkansas Statutes Annotated 41-2103) and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b) inflicts or attempts to inflict death or serious physical injury upon another person.

The commentary to Ark. Stat. Ann. § 41-2103 (Repl. 1977) clearly reflects that the Arkansas Criminal Code has redefined robbery in a way that the focus of aggravated robbery has shifted from the taking of the property to the threat of physical harm to the victim. As noted in the commentary and which has since been stated by this court, one consequence of the definition is that the offense is complete when physical force is threatened; no transfer of property need take place. *Higgins* v. *State*, 270 Ark. 19, 603 S.W.2d 401 (1980).

Here, the appellant was armed when he entered the victims' trailer and said, "This is a robbery." When Harber and Mason failed to respond to his command, the appellant pistol-whipped them. Consistent with the purpose of § 41-2102, the appellant committed the aggravated robbery offense when he entered the trailer and announced his intent to rob Harber and Mason. His subsequent actions to pistol-whip them constituted a separate offense, *viz.*, aggravated assault. *See* Ark. Stat. Ann. § 41-1604 (Repl. 1977).

Because we find no merit in the appellant's arguments, we affirm.